HOMRICH v. STORRS.

1. INTOXICATING LIQUORS—TAVERNS.
   A *tavern* is a place where alcoholic beverages are sold and where
   the sale thereof is the primary and essential *raison d'etre* of
   the establishment, being defined in the liquor control act (PA
   1933 [Ex Sess], No 8, § 2s, as added by PA 1952, No 216).

2. TOWNSHIPS—ZONING ORDINANCE—BOARD OF APPEALS—AGRICUL-
   TURAL DISTRICT—TAVERNS.
   Township zoning ordinance empowering the board of appeals to
   authorize use of agricultural zoned districts to be used for
   "inns, dining places or commercial summer gardens" *held*, not
   to have empowered the board of appeals to authorize the
   erection of a building for tavern purposes for sale of beer and
   wine (Byron Township Zoning Ordinance, § 5).

3. SAME—ZONING ORDINANCE—BOARD OF APPEALS—MINUTES OF
   MEETINGS.
   The decision of the township board of appeals to grant a build-
   ing permit to erect a building for tavern purposes in an agricul-
   tural zoned district was not invalid by reason of an absence of
   justiciable facts and findings in the minutes, where the minutes
   recite the purpose of the meeting, who wanted what, who op-
   posed what, what the board did, and the basis on which they
   did it (Byron Township Zoning Ordinance, § 5).

4. SAME—ZONING ORDINANCE—DISCRETION OF BOARD OF ZONING AP-
   PEALS—ABSENCE OF STANDARDS OF GUIDANCE.
   Township zoning ordinance which purported to empower the
   board of appeals to authorize the use of agricultural zoned dis-
   trict for "inns, dining places or commercial summer gardens"
   but failed to provide standards of guidance for the board in the
   exercise of its granted discretion was constitutionally invalid
   (Byron Township Zoning Ordinance).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur, Intoxicating Liquors § 20.
[2] 30 Am Jur, Intoxicating Liquors § 140.
[3] 58 Am Jur, Zoning § 228.
[4] 58 Am Jur, Zoning § 178.
[5] 58 Am Jur, Zoning § 251.
[6] 58 Am Jur, Zoning §§ 21, 22.
[7] 5 Am Jur 2d, Appeal and Error § 785; 28 Am Jur, Injunction
    § 314 *et seq.*
[8] 5 Am Jur 2d, Appeal and Error § 574.
[9] 14 Am Jur, Costs § 11.

5. SAME—ZONING ORDINANCE—CONSTITUTIONAL LAW—PLEADING.

> The constitutionality of provision of township zoning ordinance was duly presented to trial court by bill of complaint to enjoin erection of building for tavern purposes by allegations that the discretion of the board of appeals to authorize use of agricultural zoned districts had not been accompanied by standards for guidance of the board and that such omission rendered the granting of special authorizations unconstitutional (Byron Township Zoning Ordinance, § 5).

6. SAME—ZONING BOARD OF APPEALS—ARBITRARY POWER.

> A township ordinance that attempts to confer arbitrary power upon a zoning board of appeals to grant or refuse permit to vary the uses within a zone is unconstitutional (Byron Township Zoning Ordinance).

7. INJUNCTION—TEMPORARY INJUNCTION—DISSOLUTION—TAVERN IN TOWNSHIP AGRICULTURAL ZONE.

> Dissolution of temporary injunction against erection of building for use as a tavern in township area zoned as an agricultural district, issued upon bill filed by adjacent owner, was properly dissolved, where zoning ordinance permitted board of appeals to issue a special authorization but failed to provide standards of guidance for the board in the exercise of its granted discretion, even though trial judge did not address himself to the issue of constitutionality of the ordinance but had implicitly held it valid (Byron Township Zoning Ordinance).

8. APPEAL AND ERROR—QUESTIONS REVIEWABLE—OPERATION OF TAVERN IN TOWNSHIP AGRICULTURAL ZONED DISTRICT.

> Whether or not would-be tavern operator may operate such an establishment in an argicultural zoned district in the township without contravening the provisions of the ordinance unaffected by determination that provision of ordinance attempting to empower the township zoning board of appeals specially to authorize that an inn may be erected in an agricultural zoned district but without accompanying such authority with standards of guidance was unconstitutional is not determined, since the matter is not before the Supreme Court for review (Byron Township Zoning Ordinance).

9. COSTS—NEITHER PARTY PREVAILING IN FULL.

> No costs are allowed in suit to enjoin construction of a tavern and to invalidate township zoning ordinance, where neither party has fully prevailed (Byron Township Zoning Ordinance, § 5).

Appeal from Kent; Hoffius (Stuart), J. Submitted November 5, 1963. (Calendar No. 42, Docket No. 49,847.) Decided April 6, 1964.

Bill by Albert P. Homrich against Dewey Storrs and Tony Berkompas, building inspector of Byron township, to invalidate building permit and enjoin construction of a tavern. Bill dismissed. Plaintiff appeals. Reversed and remanded for further proceedings.

*Varnum, Riddering, Wierengo & Christenson* (*Harold H. Plassman,* of counsel), for plaintiff.

*William S. Wilson* (*Luyendyk, Hainer, Hillman, Karr & Dutcher,* of counsel), for defendant Storrs.

*Vander Veen, Freihofer & Cook* (*Walter Freihofer* and *Luyendyk, Hainer, Hillman, Karr & Dutcher,* of counsel), for defendant Berkompas.

O'Hara, J. Byron township, Kent county, Michigan, enacted a zoning ordinance in pursuance of its legislatively granted authority so to do. The township denominated the enactment—"Zoning Ordinance—Building Code." For the purpose of the ordinance the enactment said:

"Section 2

"Byron township is hereby divided into 7 classes of districts:
"Agricultural district
" 'A' Residential district
" 'B' Residential district
" 'C' Residential district
" 'C–1' Commercial district
" 'C–2' Commercial district
"Industrial district"

It is with an agricultural district and the uses

permitted therein that we are here concerned. Section 5 of the ordinance recited the permitted uses in an agricultural district. There were 8 listed which needed no special authorization. Subdivision 9 of section 5 is different. It provides:

*"When authorized* by the board of appeals, the following uses of agricultural zoned districts *are permissible."* (Emphasis supplied.)

The section then sets forth 8 subdivisions "a" through "h". Subdivision "d" reads: "Inns, dining places or commercial summer gardens."

Section 15 of the ordinance prescribes the manner of calling meetings of the board of appeals, the manner of conducting them, the duties of the board and the mechanics of conducting a hearing on appeals. It is silent as to what factors are to be considered in the granting of the "special authorization" specified in section 5, except to provide in the last paragraph of the section that the board may grant no variation, the effect of which would amount "to a rezoning of the premises involved."

The first section of the ordinance contains the usual general proviso that its interpretation shall be held to minimum requirements for "the promotion of the public health, safety, morals, comfort, prosperity and general welfare" of Byron township and its inhabitants.

All of the foregoing sets out the legal framework upon which the following facts must be superimposed to arrive at a decision.

For 13 years prior hereto, Dewey Storrs had operated a tavern in Byron township, a short distance north of a location where he proposes to open a new one. No one seems to complain of the manner in which he conducted the business in the prior period. For some reason or other in January, 1962, he closed up. Shortly thereafter he made applica-

tion to the board of appeals for "authorization to erect a building to be occupied as an inn." In the manner prescribed by the ordinance a public meeting was held, after postcard notices thereof were mailed out. In the course of the hearing, which was conducted somewhat in the informal and purely democratic manner of a New England town meeting, an advisory vote was taken. It resulted in a vote of 21–3 in favor of granting Mr. Storrs the "special authorization" provided for in the ordinance hereafter.

Albert Homrich, the landowner immediately adjacent to the site of the erection of the proposed inn, sought and obtained a temporary order from the circuit court of Kent county, restraining the erection of the building. The bill of complaint included a prayer for a permanent injunction. The bill also challenged the constitutionality of section 5 of the ordinance by reason of its failure to set "standards for the guidance of the board of appeals in the granting of special authorizations."

On hearing, the chancellor took extensive testimony, filed an opinion upon which a decree was entered dismissing the bill of complaint and dissolving the temporary injunction. From that decree, plaintiff-appellant claimed appeal.

The case is before us on the foregoing recitation of facts and the legal determinations of the applicability of the ordinance. Tangent factual controversy other than here set forth exists. These issues are concerned with the propriety of the so-called "private" part of the meeting of the appeal board after the vote, denominated by the board as "advisory," was taken; an addition to the minutes of the meeting stating, in substance, that the special authorization "would not change the character of the neighborhood" and recording the majority as favoring the grant. These issues are not controlling.

The questions framed on appeal by the statements of questions involved are here set forth in juxtaposition for easy comparison in the sequence in which we shall pass upon them:

| *Appellant* | *Appellee* |
|---|---|
| "1. Does the board of appeals have power under paragraph 9 of section 5 of the Byron township zoning ordinance to authorize the erection of a building for tavern purposes in an agricultural district? | "1. Does the board of appeals have power under paragraph 9 of section 5 of the Byron township zoning ordinance to authorize the erection of a building wherein beer or wine will be offered for sale on the premises, to the public, in an agricultural zone? |
| "3. Is the decision of the board of appeals invalid by reason of absence of justiciable facts and findings or absence of justiciable facts and findings in the minutes in support of the action taken? | "3. Is the decision of the board of appeals invalid by reason of absence of justiciable facts and findings, or absence of justiciable facts and findings in the minutes, in support of the action taken? |
| "2. Is paragraph 9 of section 5 of the ordinance invalid for failure to provide standards for guidance of the board of appeals in the exercise of its discretion?" | "2. Is paragraph 1 A 9 of section 5 of the ordinance invalid for failure to provide standards for guidance of the board of appeals in the exercise of its discretion?" |

Little time need be spent on 1 and 2. We are not impressed with the semantic refinements of the terms "inn" and "tavern." True, the ordinance in section 9 specifies use of a building as a "roadhouse or tavern" in a C–1 commercial district as prohibited. This is relevant only to the point of the intention of the framers of the ordinance in having in mind a distinction between a roadhouse or tavern and an

inn. They may very well have intended to make such distinction. But that such is the case does not make the sale of beer or wine on the premises the single and conclusive distinction between an "inn" and a "roadhouse or tavern." We do not believe we need expatiate on the fact that "inns" per se may or may not sell alcoholic beverages. "Tavern" for liquor control commission purposes is defined in the act* (as amended) creating the commission. Briefly, it's a place where alcoholic beverages in their varied forms are sold and where the sale thereof is the primary and essential *raison d'etre* of the establishment. We don't know what the framers meant by a "roadhouse," and neither the record nor the briefs help us to so determine. Fortunately, it makes no difference. Appellant asks whether the board of appeals has power under subdivision 9 of section 5 of the ordinance to authorize the erection of a building for tavern purposes. Obviously not. It provides for special authorization for an "inn." Appellee asks whether the the the same section authorizes the erection of a building wherein beer or wine will be offered for sale. The ordinance is silent upon the precise question. The words "beer and wine" nowhere appear therein.

Appellant and appellee both state question 3 in identical terms. They inquire jointly whether the decision of the board is invalid by reason of an absence of "justiciable facts and * * * or absence of justiciable facts and findings in the minutes" of the concerned meeting. No, it is not. The minutes recite the purpose of the meeting, who wanted what, who opposed what, what the board did, and the basis on which they did it. No one seriously contends that save inconsequential variations the minutes reflect what actually took place.

---

* PA 1933 (Ex Sess), No 8, § 2s, as added by PA 1952, No 216 (CLS 1956, § 436.2s (Stat Ann 1957 Rev § 18.972[19]).

Question 2, our number 3 in order of consideration, is controlling. The question is whether the ordinance is constitutionally invalid for failure to provide standards of guidance for the board in the exercise of its granted discretion. The appellant says the trial court did not answer the question, and that the answer should be "yes." The appellee contends that the trial court answered the question "no" and that the answer should be "no." We agree with appellant. The trial court did not answer that question. He did say:

"I am of opinion, therefore, that we can use the word 'inn' in its very broadest sense, and that it would cover the operations that are contemplated here."

The foregoing answer is no different from our answer to question number 1, namely, that what Dewey Storrs intended to do fell within the ordinary accepted classification of things people who operate "inns" do. The court considered the architectural design of the proposed building, the class of trade to be expected, and the manner of conduct of the owner's prior establishment. When all this was considered, he determined Dewey Storrs was going to operate an "inn"; that he had received the special authorization from the appeal board necessary to construct a building to be used as one. In this we believe he was right and we so hold. But this holding does not answer appellant's contention that the special authorization section, subdivision 9 of section 5 of the ordinance, is unconstitutional, for want of any standard prescribed for the board in conformance with which it could exercise its discretionary powers.

Appellee claims (a) that the constitutionality of the section wasn't raised by the pleadings and (b) if it was and the trial court did not consider it, hence it is "now too late for plaintiff-appellant to

raise it." Paragraph G of appellant's bill of complaint alleges:

"If the language of section 5 of the Byron township zoning ordinance does permit the board of appeals to issue a special authorization in an agricultural district for tavern purposes, and the board of appeals in fact issued a special authorization for tavern purposes in this instance, said special authorization so issued is nevertheless invalid for the following reasons:

"(1) Section 5 of the ordinance with respect to special authorizations sets no standards for the guidance of the board of appeals in the granting of special authorizations and, accordingly, section 5, to the extent applicable to special authorizations, is unconstitutional.

"(2) The board of appeals has no power to grant special authorizations for the reason that the township board of Byron township could give no power to the board of appeals to grant special authorizations and to grant special authorizations without standards for guidance of the board of appeals."

The foregoing clearly places in issue the constitutionality of the section involved. It was thus before the trial court. He did not hold the section unconstitutional. Implicitly, therefore, he must have held it constitutional in order to pass upon the other questions covered in his opinion.

*Osius v. St. Clair Shores,* 344 Mich 693 (58 ALR2d 1079), controls. Substituting "inn" for "gasoline station" and reversing the action of the board of appeals from a denial to a grant, the cases are indistinguishable. We need only to quote former Justice TALBOT SMITH's language, substituting as above noted, at p 700:

"The ordinance presented is fatally defective. The zoning board of appeals is simply given authority to permit, and obviously to refuse to permit, the erection of gasoline stations [inns] after public hearings,

But what standards prescribe the grant or rejection of the permission? We find none."

Nor can we find any here. The ordinance is unconstitutional and void as to the particular provision, section 5, since it fixes no standard for the grant or refusal of the special authorization sought. So pending it becomes necessary to address ourselves to defendants' status in view of this holding.

It is to be noted that after the meeting of the board of zoning appeals the trial court had temporarily enjoined defendant from erecting the building for the purpose intended. Upon conclusion of hearing on the merits he dissolved the injunction. In his opinion he did not address himself directly to the point we found controlling. As we noted earlier, we construe this to have been an implicit holding of the constitutionality of the appeal board section. Whether he dissolved the injunction for its unconstitutionality does not affect the legal propriety of its dissolution. To dissolve it was required in any event. To this extent we affirm the order of dissolution.

We express no opinion on whether defendant-appellee may operate an establishment on his property in which alcoholic beverages are sold without contravening the provisions of the ordinance unaffected by our holding here because that question is not reviewably before us.

The order of the trial court to the extent it dissolved the temporary injunction is affirmed. The order dismissing the bill of complaint is vacated. The case is remanded for further proceedings in view of our holding here. No costs, neither party having fully prevailed.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, and SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.