OSIUS *v.* CITY OF ST. CLAIR SHORES.

1. MUNICIPAL CORPORATIONS—ZONING—ORDINANCES.
   A city council has power to enact a comprehensive zoning ordi-
   nance (CL 1948, § 125.401 *et seq.*).

2. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWERS.
   A legislative body may not delegate to another its lawmaking
   powers.

3. SAME—DELEGATION OF POWERS—OFFICERS—STANDARDS.
   A subordinate body or official may be clothed with the authority
   to say when the law shall operate, or as to whom, or upon what

REFERENCES FOR POINTS IN HEADNOTES

[2] 11 Am Jur, Constitutional Law § 214.
[3] 11 Am Jur, Constitutional Law § 235 *et seq.*
[4, 6] 58 Am Jur, Zoning § 216.
[5] 58 Am Jur, Zoning §§ 16, 256.

occasion, provided the standards prescribed for guidance are as reasonably precise as the subject matter requires or permits.

4. Municipal Corporations—Zoning Board of Appeals—Arbitrary Power.

A municipal ordinance that attempts to confer arbitrary power upon a zoning board of appeals to grant or refuse permit to build within a zone is unconstitutional.

5. Same—Presumption of Constitutionality—Discretion of Officers—Zoning Ordinance.

The presumption of constitutionality of zoning regulations cannot prevail against unconstitutionality patent on the face of the ordinance itself, nor may such an ordinance be saved by broad statements as to the public health, safety and general welfare, since such statements afford no sufficient guide for the board of zoning appeals in the exercise of its discretion.

6. Same—Zoning Board of Appeals—Public Hearings—Standards.

A board of zoning appeals that is granted authority to permit, or refuse to permit, the erection of gasoline stations after public hearings without a standard being prescribed for granting or rejecting the permission is unconstitutional and void.

Appeal from Macomb; Noe (Alton H.), J. Submitted January 5, 1956. (Docket No. 36, Calendar No. 46,666.) Decided March 1, 1956.

Bill by Theodore Osius, Margaret Osius and Frank Lindemann against the City of St. Clair Shores, a municipal corporation, and Lloyd Lolmaugh, its building inspector, to compel issuance of certificate of compliance and to determine zoning ordinance unconstitutional. Decree for plaintiffs. Defendants appeal. Affirmed.

*Robert E. Childs,* for plaintiffs.

*John H. Yoe,* for defendants.

Smith, J. This is a zoning case. The plaintiffs are the owners of property in the city of St. Clair

Shores. They wished to obtain permission to build a gasoline service station thereon. The project seemed to them not unreasonable. They owned the land. It was on a State highway, at the corner of East Jefferson avenue and Doremus street. Business establishments were located nearby. In fact it was zoned as business B and in a business B area the zoning ordinance provides that service stations are permitted. How, then, does the case come to us?

It comes to us because plaintiffs were denied permission to so use their property. The attentive may have observed a contradiction in what we have said. Gasoline service stations, we noted, are permitted in a business B district, yet we pointed out that in plaintiffs' case permission was denied. The controversy arises at this point. It is important (since it involves an alleged arbitrary assumption over the use a free man makes of his property) and we will trace it in some detail.

Under our housing and zoning laws (CL 1948, § 125.401 *et seq.,* as amended [Stat Ann 1949 Rev § 5.2771 *et seq.,* as amended]), a city council is given the power to enact a comprehensive zoning ordinance. In addition, by the terms of section 5 of the zoning act (CLS 1954, § 125.585 [Stat Ann 1953 Cum Supp § 5.2935]) the city is permitted to have a zoning board of appeals (for purposes later to be described) to consist either of appointed members, or the legislative body of the city or village itself. In the case before us the city council, pursuant to the act, acted as the board. In such capacity, as the trial court's opinion carefully points out, "It is elementary that, although made up of members of the legislative body of the city of St. Clair Shores, the zoning board of appeals functions as a separate entity keeping minutes and records of its meetings as such." So acting it sits as a board, not as the city council, and as such board it lacks the power to enact ordinances

and adopt resolutions for the government of the city, these powers being lodged in the council by section 3.2 of chapter 3, "Plan of Government" of the city charter of St. Clair Shores.

This is not to say, however, that it is without power. As the city's zoning board of appeals it exercises both appellate and original jurisdiction. We are concerned, in this case, only with the latter, since we do not have an appeal from an administrative determination by a city official. None was made. Nor do we have a petition to "vary or modify" rules and regulations in a case "where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter" of an ordinance. What we do have is an application by the plaintiffs, under the ordinance, for a certificate of compliance and a building permit. This was submitted to the zoning board of appeals. The board's jurisdiction to act upon plaintiffs' certificate arises from the fourth sentence of paragraph (a) of section 5 of the act (CLS 1954, § 125.585 [Stat Ann 1953 Cum Supp § 5.2935]) providing as follows:

"They (zoning board of appeals) shall also hear and decide all matters referred to them or upon which they are required to pass under any ordinance of the legislative body adopted pursuant to this act."

Since the board's jurisdiction to act upon plaintiffs' certificate arises from the above-quoted provision, permitting it to exercise certain original jurisdiction, the term "appeals" board, as applied to these proceedings, is obviously a misnomer. As the trial court put the matter:

"The provisions of the zoning ordinance with reference to service stations in business B district is rather unique inasmuch as it permits no administrative officer to pass upon their use in such district. Service stations and their establishment in this zone

are left entirely to the zoning board of appeals for approval. It is quite plain that original plenary jurisdiction over service stations in business B district is thus given to the zoning board of appeals. That section of our statutes which most nearly defines the power of the zoning board of appeals to act in the premises is CLS 1954, § 125.585, subd a (Stat Ann 1953 Cum Supp § 5.2935 [subd a]), the applicable portion of which is as follows:

" 'They [zoning board of appeals] shall also hear and decide all matters referred to them or upon which they are required to pass under any ordinance of the legislative body adopted pursuant to [the provisions of] this act.' "

With respect to such application, the city's planning commission (in the space provided for its "comments") had expressed no opposition and it may be assumed that they had no objections thereto. A public hearing was held on the application. Opposition was expressed at the meeting. It was pointed out by one objector that the area had been improved; that lights and sewer had been put in and the road improved. "It is a far better residential area than it ever was. To put in a gas[oline] station would undo everything that has been done. It is a very good residential area now." The petition was denied, unanimously. Plaintiffs thereafter filed their bill of complaint for declaratory judgment and for injunctive relief. The trial court's decree in favor of plaintiffs ensued and appeal was taken to this Court.

Thus our problem. It does not cover a wide field. The plaintiffs complain primarily that the zoning board of appeals is exercising, by delegation, a legislative function, which they condemn as unconstitutional, and that this delegated legislative function is exercised without guide or standard. They point to section 6-B of the zoning ordinance (which allows

service stations in a business B district "only when permitted by the board of appeals as specified in section 10, paragraph 10 hereof") and, in turn, to section 10 thereof. The latter section, entitled "Board of Appeals," permits the board to vary or modify the application of the regulations, "in harmony with their general purpose or intent," following which it is provided that no service stations may be permitted in business B districts "except after an advertised public hearing."

There is no doubt that a legislative body may not delegate to another its lawmaking powers. It must promulgate, not abdicate. This is not to say, however, that a subordinate body or official may not be clothed with the authority to say when the law shall operate, or as to whom, or upon what occasion, provided, however, that the standards prescribed for guidance are as reasonably precise as the subject matter requires or permits. As we said in *Devereaux* v. *Township Board of Genesee Township*, 211 Mich 38, 43:

"The statute in question provides no method for the application for licenses, contains no qualifications which the applicant must possess, provides no standard of fitness, makes no provisions as to the character of the structure or equipment to be used in the business regulated. It, in fact, attempts to confer upon the township board the arbitrary power to grant or refuse a license, according to its whim or caprice. Under all the authorities, we think this cannot be done."

Expressive of the same principle was our holding in *Hoyt Brothers, Inc.*, v. *City of Grand Rapids*, 260 Mich 447. The ordinance involved provided (p 450):

" 'Sec. 6. Whenever it shall appear to the city manager from such investigation and report that the charity is a worthy one and that the person or per-

sons making the application are fit and responsible parties, he shall issue a permit to such person, firm, corporation or society.' "

With reference to it, Mr. Justice North spoke for the Court, in part, as follows (pp 451, 452):

"The ordinance contains no rule or provision by which the city manager is to determine whether the charity is 'worthy' or the applicant is 'fit and responsible.' In making his determination he may apply one or more of a great variety of qualifications which to the city manager may seem proper, or he may grant or refuse the permit solely on captious grounds. And he may apply one test to one applicant and another to another. The ordinance does not contain the slightest indication of the kind or character of charity that is a 'worthy one'; and likewise it is wholly silent as to what type of qualification would constitute an applicant for a permit 'fit and responsible.' We see no escape from the conclusion that the ordinance attempts to vest the city manager with an arbitrary power in the exercise of which he will say to one applicant 'yes,' and to another 'no.' "

Upon the facts presented we are not concerned with the problem of variations in permissible standards between morally good and bad business, nor need we weigh the various factors that have influenced decision in the past upon the adequacy of the standard employed. For in the case before us there is no reasonable standard whatever. The presumption of constitutionality of zoning regulations referred to by us in *Hammond* v. *Bloomfield Hills Building Inspector,* 331 Mich 551, cannot prevail against unconstitutionality patent on the face of the ordinance itself, nor can the ordinance be saved by its broad statements as to the public health, safety, and general welfare, since such statements afford no sufficient guide for the board in the exercise of its

discretion. *Keating* v. *Patterson,* 132 Conn 210 (43 A2d 659).

The ordinance presented is fatally defective. The zoning board of appeals is simply given authority to permit, and obviously to refuse to permit, the erection of gasoline stations after public hearings. But what standards prescribe the grant or rejection of the permission? We find none. The ordinance is silent as to size, capacity, traffic control, number of curb cuts, location, or any other of the myriad considerations applicable to such business. In this situation the words of the supreme court of Pennsylvania on a similar question are peculiarly appropriate:

"Where a zoning ordinance permits officials to grant or refuse permits without the guidance of any standard, but according to their own ideas, it does not afford equal protection. It does not attempt to treat all persons or property alike as required by the zoning act. While the exercise of discretion and judgment is to a certain extent necessary for the proper administration of zoning ordinances, this is so only where some standard or basis is fixed by which such discretion and judgment may be exercised by the board. Where a zoning ordinance is vague and indefinite, it cannot be sustained as valid under the authorizing act." *Taylor* v. *Moore,* 303 Pa 469, 479 (154 A 799).

Without definite standards an ordinance becomes an open door to favoritism and discrimination, a ready tool for the suppression of competition through the granting of authority to one and the withholding from another. Such charges, in fact, were made in the case before us, another service station having been permitted on a nearby property. We need not pass upon them. The ordinance, as the trial court found, is unconstitutional and void, in the particular provisions with respect to which com-

plaint is made, since it fixes no standard for the grant (or refusal) of the certificate prayed. A zoning ordinance cannot permit administrative officers or boards to pick and choose the recipients of their favors. Under the view we have taken it is unnecessary to pass upon other questions presented.

Decree affirmed. Costs to appellees.

DETHMERS, C. J., and SHARPE, REID, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.