PALACE RESTAURANT, INC., Petitioner,

v.

ALCOHOLIC BEVERAGE CONTROL
BOARD of the District of Co-
lumbia, Respondent,

Citizens Association of Georgetown,
Intervenor.

No. 5386.

District of Columbia Court of Appeals.

Argued Oct. 12, 1970.

Decided Dec. 7, 1970.

William E. Cumberland, Washington, D. C., with whom Donald Cefarratti, Jr., Washington, D. C., was on the brief, for petitioner.

Leo N. Gorman, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Courts Oulahan, Washington, D. C., for intervenor.

Before GALLAGHER and NEBEKER, Associate Judges, and QUINN, Associate Judge, Retired

NEBEKER, Associate Judge.

This petition for review [1] seeks to overturn the denial of a retailer's Class "C" license by the Alcoholic Beverage Control Board (hereinafter referred to as "the Board"). The denied application sought the liquor license for an existing restaurant in the Georgetown section of this city. Opposition to the application was expressed by testimony and by written petition signed by about one hundred people living or doing business in the vicinity of the restaurant. In denying the application, the Board, for the first time in these proceedings, applied a standard of uniqueness and concluded that there was no showing or claim of "a unique or unusual type of establishment, which might warrant approval of yet another Class 'C' [license] in this vicinity". In the absence of prior notice to petitioner that such a criterion was to be applied to its application, the denial cannot stand. We vacate and remand the case to the Board for further proceedings on the application in order to permit petitioner and those who oppose it to be heard on whether

1. D.C.Code 1967, § 1–1510 (Supp. III, 1970).

uniqueness is a proper criterion under the 'applicable statute[2] and, if so, to submit evidence on that issue.

The parties appear to agree, correctly so, that the application presented a contested case as defined in the District of Columbia Administrative Procedure Act, D.C.Code 1967, § 1–1502(8) (Supp. III, 1970). *See also* D.C.Code 1967, § 25–115(b), which also required a hearing on this application. Accordingly, the notice of hearing was required, *inter alia,* to state the issues involved. Additionally, "if, by reason of the nature of the proceeding, the * * * agency determine[s] that the issues cannot be fully stated in advance of the hearing, or if subsequent amendment of the issues is necessary, they shall be fully stated as soon as practicable, and opportunity shall be afforded all parties to present evidence and argument with respect thereto." D.C.Code 1967, § 1–1509(a) (Supp. III, 1970).[3]

Petitioner's brief and the administrative record may fairly be. read as revealing that no notice was given that uniqueness of the premises was an issue of fact at the hearing. The administrative record does not contain any notice, either of the kind required under § 25–115(b), *supra,* or under § 1–1509(a), *supra.*

Indeed, petitioner now argues that the uniqueness standard is improper as a matter of law. It does not even appear that opportunity was afforded for argument before the Board on that point.[4] Moreover, those who opposed grant of the license do not appear to have been on notice that they could have addressed the issue of uniqueness. We, therefore, reverse the Board's denial and remand the case for further proceedings consistent herewith. *Cf.* Rodale Press, Inc. v. F. T. C., 132 U.S.App.D.C. 317, 321, 407 F.2d 1252, 1256 (1968).

Petitioner also argues that the Board improperly took official notice of certain matters. On remand, however, petitioner may avail itself of D.C.Code 1967, § 1–1509 (b) (Supp. III, 1970), which in instances of official notice of a material fact permits a request for opportunity to show the contrary.

■ The only remaining contention requiring comment is that the effect of the Board's decision limits the number of Class "C" licenses to those presently outstanding in the area and that such decision can only be made by the District of Columbia Council pursuant to D.C.Code 1967, § 25–107 (Supp. III, 1970). We see no merit to this point. To be sure, if a decision intending to limit the number of Class "C" licenses were made the Council would have to make it. But that does not mean that, in the exercise of independently conferred discretion such as found in § 25–115(a) (6), *supra,* the Board may not act to deny a license because an unintended and incidental result appears to limit the area to existing licenses. Surely, the "surroundings, and the wishes of the persons residing or owning property in the neighborhood of the premises for which the license is de-

---

2. D.C.Code 1967, § 25–115(a) (6) (Supp. III, 1970) provided the following criteria:
   That the place for which the license is to be issued is an appropriate one considering the character of the premises, its surroundings, and the wishes of the persons residing or owning property in the neighborhood of the premises for which the license is desired.

3. We read this provision of the District of Columbia Administrative Procedure Act as supplementing D.C.Code 1967, § 25–.115(b). *See* D.C.Code 1967, § 1–1501 (Supp. III, 1970).

4. We do not now decide whether uniqueness of the establishment is a permissible criterion under D.C.Code 1967, § 25–115 (a) (6) (Supp. III, 1970) standards relating to "character of the premises, [and] its surroundings". That issue should first be considered by the Board after hearing from the parties. See Rule 2.8 of the Board's Procedural Rules of Practice to Govern Hearings Before the Alcoholic Beverage Control Board which requires opportunity for argument, presumably after notice of the issues involved.

sired" fairly embrace authority to consider such a factor as the number and neighborhood effect of existing licenses. It would be completely unrealistic to assume that Congress intended to require that the Board ignore such historical facts in exercising its judgment. The test is whether the Board was exercising a bona fide judgment within its limited sphere. We will not presume, in the absence of clear evidence to the contrary, that the Board was improperly motivated to exercise power not assigned to it. United States v. Chemical Foundation, Inc., 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L. Ed. 131 (1926); Udall v. Washington, Virginia and Maryland Coach Co., 130 U.S. App.D.C. 171, 175, 398 F.2d 765, 769 (1968), cert. denied sub nom., Washington Metropolitan Area Transit Com. v. United States, 393 U.S. 1017, 89 S.Ct. 620, 21 L.Ed.2d 561 (1969).

The decision of the Board is reversed and the case remanded for further proceedings on petitioner's application consistent with this opinion.

So ordered.