BAKER v STATE BOARD OF DENTISTRY

1. COURTS—STATUTES—CONSTRUCTION—CONSTITUTIONAL LAW.
   Courts will not hold legislative acts unconstitutional where a case can be disposed of in any other way.

2. ADMINISTRATIVE LAW—STATE AGENCIES—STATUTES—NOTICE—LACK OF NOTICE.
   A person shall not in any manner be required to resort to, or be adversely affected by, a matter required to be published by a state agency and made available by it, and not so published and made available, except to the extent that the person has actual and timely notice of the terms thereof (MCLA 24.223).

3. ADMINISTRATIVE LAW—STATE AGENCIES—STATUTES—RULES—NOTICE—PUBLIC HEARING.
   A statute requires that a. state agency must give notice of a public hearing before it may validly promulgate a rule (MCLA 24.241).

4. ADMINISTRATIVE LAW—STATE AGENCIES—STATUTES—RULES—GUIDELINES—PUBLIC INSPECTION.
   A statute requires that a state agency must publish promulgated rules and guidelines and make them available for public inspection (MCLA 24.221).

Appeal from the State Board of Dentistry. Submitted June 12, 1975, at Lansing. (Docket No. 21073.) Decided August 27, 1975.

Petition in circuit court and application for leave to appeal to the Court of Appeals by Robert A. Baker for the review of an order of the State Board of Dentistry suspending his license to prac-

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 569.
[2, 3] 2 Am Jur 2d, Administrative Law §§ 400, 401, 415.
[4] 2 Am Jur 2d, Administrative Law §§ 229, 412.

tice dentistry. Leave to appeal granted by the Court of Appeals and proceedings in circuit court suspended. Order vacated.

*Foster, Lindemer, Swift & Collins, P. C.,* (by *Lynwood E. Beekman),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Patrick F. Isom,* Assistant Attorney General, for defendant.

Before: ALLEN, P. J., and D. F. WALSH and O'HARA,* JJ.

O'HARA, J. Michigan has a statute which reads in part as follows:

"No person or persons shall own, or be financially interested in, or manage more than 1 office for the practice of dentistry in any location or locations and operate them under his or their own name, with employed operators. No dentist or dentists shall be associated or connected with, in any manner, any offices or rooms where the profession of dentistry is practiced unless such dentist or dentists shall be actually engaged for the major portion of their time in the practice of dentistry at such office or rooms: *Provided, however,* That the provisions of this paragraph shall not apply where a licensed dentist, with the approval of the board, shall choose to practice dentistry, under his own name, 1 or more days of a given week in 1 location other than the location of his principal office." MCLA 338.216; MSA 14.629(16).

Appellant began to practice dentistry in Kalamazoo for part of the week, and part in Battle Creek.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

He was ordered to desist practicing in two locations by the State Board of Dentistry (hereinafter the "Board"). He advised the Board he would do so when a prospective dental school graduate from the University of Michigan was able to conduct the office at the Battle Creek location.

Then he changed his mind. He applied to the Board for permission to operate both offices pursuant to the proviso in the statute.

Correspondence, phone calls and conferences then took place. Much of the nature of these communications is in factual dispute. Then appellant entered into a stipulation to stop practicing in Battle Creek. He did so for three weeks. Then he reverted to the prior practice without notice to or further request of the Board.

Finally, a complaint and order for hearing was issued and a hearing of sorts was held by a referee.

The hearing referee issued an opinion finding a violation of § 16[1] of the act regulating the practice of dentistry, but recommended "an extremely limited period of suspension of the license".[2] The State Board of Dentistry, or what was left of it after two members thereof disqualified themselves, as did the member who signed the complaint, adopted the hearing examiner's opinion but imposed a 6-month suspension of plaintiff's license.

Appellant filed a petition for review in the Ingham County Circuit Court and an application for leave to appeal to this Court, which was granted. The suspension order was not enforced pending disposition of the grant of leave here.

---

[1] MCLA 338.216; MSA 14.629(16).

[2] MCLA 338.218(r); MSA 14.629(18)(r) recognizes the power of the board to suspend or revoke a dentist's license to practice for violation of the act.

The proceedings in the circuit court have been suspended.

This case is perilously close to the interdiction in *Osius v City of St Clair Shores,* 344 Mich 693; 75 NW2d 25 (1956), that grants of legislative authority to boards cannot be left to the undefined caprice or choice of a board. Only the long standing principle that courts should not hold legislative acts unconstitutional, if any other disposition can be made of the case, restrains us from so doing. See 16 Am Jur 2d, Constitutional Law, § 113, pp 301, 302.

The assistant attorney general who argued the case before us admitted with complete candor that there had been no compliance with the requirements of the Administrative Procedures Act of 1969, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.,* insofar as the promulgation, publication and public access to the informally adopted guidelines or standards by which the Board determined whether to approve branch offices for dentists.[3]

He further responded to bench questioning by frankly admitting that as late as the date of oral

[3] MCLA 24.223; MSA 3.560(123) states that:

"(1) Except to the extent that a person has actual and timely notice of the terms thereof, a person shall not in any manner be required to resort to, or be adversely affected by, a matter required to be published and made available and not so published and made available."

MCLA 24.243; MSA 3.560(143) states that:

"(1) A rule hereafter promulgated is not valid unless processed in substantial compliance with sections 41 and 42. However, inadvertent failure to give the notice to any person as required by section 41 does not invalidate a rule processed thereunder."

MCLA 24.241; MSA 3.560(141) provides procedures for notice of public hearing before a rule may be validly promulgated. These notice and public hearing requirements were not followed in the present case.

Nor was MCLA 24.221; MSA 3.560(121), dealing with an agency's obligation, *inter alia,* to publish and make available for public inspection promulgated rules and certain guidelines, complied with in the instant case.

argument (June 12, 1975) no rules of practice have been formulated, much less promulgated.

Manifestly, neither the appellant nor the Board can even approach complying with administrative due process with no rules to govern the proceedings.

The order imposing the 6-month suspension is vacated. The proceedings in the Ingham County Circuit Court are ordered dismissed. We suggest to the Board of Dentistry that if it contemplates suspension or other disciplinary actions under the statute, that it spell out clearly, in properly promulgated rules, the guidelines it proposes to use to grant or withhold approval of the bi-location practice.