## MALLCHOK v LIQUOR CONTROL COMMISSION

1. INTOXICATING LIQUORS—LIQUOR CONTROL COMMISSION—RULES AND REGULATIONS—STATUTES.

   The Michigan Liquor Control Commission is required to have formal rules and regulations (MCLA 436.7; MSA 18.977).

2. ADMINISTRATIVE LAW—STATE AGENCIES—RULES AND REGULATIONS —STATUTES.

   A state agency must promulgate, process and publish all its rules and regulations (MCLA 24.203[1], 24.205[5], 24.231 *et seq.;* MSA 3.560[103] [1], 3.560[105] [5], 3.560[131] *et seq.).*

3. INTOXICATING LIQUORS—LIQUOR CONTROL COMMISSION—LICENSING —UNPUBLISHED POLICIES—RULES AND REGULATIONS.

   Denial by the Michigan Liquor Control Commission of an application for a Specially Designated Distributor License was invalid where the denial was based upon a commission policy that had not been promulgated, processed or published as a rule or regulation of the commission.

Appeal from Ingham, Jack W. Warren, J. Submitted June 4, 1976, at Lansing. (Docket No. 25000.) Decided November 22, 1976.

Harry Mallchok filed an application with the Michigan Liquor Control Commission for a Specially Designated Distributor License. The application was denied. Mallchok appealed to the circuit court. Remanded for a supplemental hearing. After the hearing, the application was again denied by the commission. Mallchok appealed to the circuit court. Affirmed. Mallchok appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 45 Am Jur 2d, Intoxicating Liquors § 22 *et seq.*
[2, 3] 2 Am Jur 2d, Administrative Law § 287.

*Bennett, Vilella & Mitchell,* for Harry Mallchok.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Franklin J. Rauner* and *Richard I. Rubin,* Assistants Attorney General, for the Michigan Liquor Control Commission.

Amicus Curiae: The Southland Corporation (by *George H. Meyer* and *William A. Zierer).*

Before: ALLEN, P. J., and D. E. HOLBROOK, JR. and E. H. PAPP,* JJ.

D. E. HOLBROOK, JR., J. In July of 1964 Harry Mallchok, owner of the Haslett Pharmacy, filed an application with the Michigan Liquor Control Commission (MLCC) for a SDD (Specially Designated Distributor) license. Due to an administrative freeze on such licenses his application was denied. Three years later, following relocation of the pharmacy, the license was again denied. Through correspondence with the MLCC plaintiff attempted to obtain a renewal of his application until June, 1968, when it was denied for the third time.

Throughout 1968, 1969 and 1970 plaintiff pursued his remedies to no avail. In 1972 plaintiff succeeded in obtaining a writ of mandamus from this Court directing the commission to decide his application. Once again the commission determined that plaintiff should not have a license. The decision read: "in the discretion of the commission, with right of appeal, for the reason the area is adequately served by existing SDD licenses based on area consideration and population factors".

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Ironically, the MLCC had just granted an SDD to the Little Country Store in the same area and from an application subsequent in time to plaintiff's.

Plaintiff continued to appeal his denials from the MLCC. In a later hearing before its chairman on February 15, 1972, certain unwritten policies began to surface. In particular, the policy to the effect that no new license would be granted within one-half mile of another licensee. Plaintiff was told that his pharmacy was 2200 feet, less than half a mile, from another SDD licensee. This hearing resulted in an affirmance of earlier denials. Plaintiff appealed to the Ingham County Circuit Court and obtained a remand for a supplemental hearing. Following such hearing the MLCC again denied the license and issued "Findings of Fact, Conclusions of Law and Order" wherein the primary reliance for denial was based on the half mile policy.

Plaintiff again appealed to the Ingham County Circuit Court. The trial judge affirmed and supported the half mile policy saying, "[T]he Court should respect the expertise of the Commission. Over the period of years the Commission has had the opportunity to study the needs of various types of communities, and the undersigned cannot second-guess the Commission as to what distance is a reasonable and proper one." Plaintiff now appeals the decision of the circuit court.

Plaintiff raises three issues on appeal. One is dispositive and mandates reversal.

The MLCC was first vested with complete power over Michigan's liquor traffic in the Michigan Const 1908, art 16, § 11, retained in Const 1963, art 4, § 40. The Liquor Control Act in turn authorized the commission "to issue licenses in its dis-

cretion, as provided in this act". MCLA 436.17; MSA 18.988.

Because of its constitutional grant of power the MLCC is said to have plenary power, or the power to entirely eliminate liquor traffic in the state. *Terre Haute Brewing Co, Inc v Liquor Control Commission,* 291 Mich 73; 288 NW 339 (1939), interpreted the meaning of "control" in the constitutional provision to encompass the regulation and governing of every aspect of Michigan's liquor traffic. See also *Noey v Saginaw,* 271 Mich 595; 261 NW 88 (1935). While every vestige of regulation is within the purview of the commission's authority, the same cannot be said of the agency's procedures for implementing that authority. Procedures may be subject to control in order to make a state agency deal uniformly with all citizens.

The constitution expressly provides that the MLCC's power is "subject to statutory limitations". See *Zukaitis v Fitzgerald,* 18 F Supp 1000 (WD Mich, 1936). Among the statutory limitations on licensing are the following: proximity (500 feet) to churches and schools, MCLA 436.17(a); MSA 18.988(1); population quotas, MCLA 436.19(c); MSA 18.990(3); resort area limits, MCLA 436.19(c); MSA 18.990(3); and license fees, MCLA 436.19; MSA 18.990. We deal in the instant case with MCLA 436.7; MSA 18.977 which provides in part:

"Sec 7. The commission *shall adopt rules and regulations* governing the carrying out of this act and the duties and responsibilities of licensees in the proper conduct and management of their licensed places." (Emphasis supplied.)

The commission through its counsel, the Attorney General, has argued that while it must follow

the statutory limitations it must also "meet its business and merchandising responsibilities by exercising its discretion based upon its accumulated knowledge in the liquor business". They allege that the policy calling for a half mile rule is among the types of business decisions that must be flexibly applied among the various applicants. We do not disagree with the MLCC's experienced appraisal of the business need for a half mile rule. We do, however, find that they have failed to comply with one of the statutory procedural limitations in applying their discretion, that is MCLA 436.7; MSA 18.977, requiring matters such as the half mile rule to be in formally adopted agency rules and regulations.

At the time plaintiff's application was denied, the MLCC had only begun to formulate the half mile policy. Answering interrogatories in 1974, MLCC's chairman openly admitted that no policy statements or regulations have ever been written regarding SDD applicants. There was however an unwritten policy (subject to exceptions) as to the half mile rule. The chairman indicated that the half mile policy was unrelated to population, a factor that could have legally supported the denial. Although the commission is free to broadly exercise its discretion as to licensing standards they must comply with a minimum of restraint, *i.e.,* promulgating policies into agency rules and regulations.

Three Supreme Court cases support plaintiff's position for restraining the exercise of the MLCC's discretion. First in *Osius v St Clair Shores,* 344 Mich 693; 75 NW2d 25 (1956), plaintiff attacked the constitutionality of a zoning ordinance after his building permit was denied. He argued that the grant of the zoning board's plenary power had

no standard or guide. The administrative decision was struck down by the Court:

"Without definite standards an ordinance becomes an open door to favoritism and discrimination, a ready tool for the suppression of competition through the granting of authority to one and the withholding from another." 344 Mich 693, 700 (1956).

In a 1974 decision, *State Highway Commission v Vanderkloot,* 392 Mich 159; 220 NW2d 416 (1974), the "necessity" standard in an eminent domain statute was found "a sufficiently precise legislative delegation". Although "necessity" is rather broad, the Court indicated that the need for flexibility in a state agency could be preserved by judicial review for abuse of discretion. The third decision involved the Department of Natural Resources. *Department of Natural Resources v Seaman,* 396 Mich 299; 240 NW2d 206 (1976). The DNR confiscated vessels of commercial fishermen pursuant to agency regulations. The Court recognized once again the need to have flexible administrative procedures especially in the management of natural resources. Regardless, the Court held that administrative power must be tempered:

"In making this determination whether the statute contains sufficient limits or standards we must be mindful of the fact that such standards must be sufficiently broad to permit efficient administration in order to properly carry out the policy of the Legislature but not so broad as to leave the people unprotected from the uncontrolled, arbitrary power in the hands of administrative officials." 396 Mich 299, 308–309 (1976).

*Osius, Vanderkloot* and *Seaman* make it clear that neither the Legislature nor the constitutional grants of power can vest absolute, uncontrolled

discretion in a state agency. However, great flexibility will be tolerated. Construing the Liquor Control Act we find that the MLCC, outside of the specific statutory limitations, does in fact have an additional guideline to control agency discretion. That guideline, although of minimal impact, is the section requiring the agency to have formal rules and regulations. MCLA 436.7; MSA 18.977. Under the Administrative Procedures Act of 1969 the MLCC, a state agency, must promulgate, process and publish all its rules and regulations. MCLA 24.203(1); MSA 3.560(103)(1); MCLA 24.205(5); MSA 3.560(105)(5); MCLA 24.231 *et seq.;* MSA 3.560(131), *et seq.* In the instant case the commission was required by the Liquor Control Act to have rules and regulations and to promulgate, process and publish same.[1] Hence, they have not properly exercised their discretion "as provided in * * * [the] act". MCLA 436.17; MSA 18.988. The denial was therefore invalid.

In other states which have adopted the Uniform Administrative Procedures Act along with Michigan, the relief afforded to plaintiffs in similar situations is a remand to the commission. *Palace Restaurant, Inc v Alcoholic Beverage Control Board,* 271 A2d 561 (DC App, 1970), *Sun Ray Drive-In Dairy, Inc v Oregon Liquor Control Commission,* 16 Ore App 63; 517 P2d 289 (1973), *cf., Baker v State Board of Dentistry,* 63 Mich App 729; 235 NW2d 157 (1975). We therefore reverse and remand the affirmance by the lower court and

---

[1] As pointed out in the amicus brief, the commission had only announced the half mile rule in a document entitled, *"Policies of the Michigan Liquor Control Commission Governing Issuance of New Specially Designated Distributor Licenses, the Transfer of Existing SDD Licenses and Transfer of SDD Licenses to New Locations,"* (Policy statement), dated December 5, 1973. This was later in time than the denial of plaintiff's application and was not promulgated, processed or published as required.

order the commission to reevaluate plaintiff's application measured by all existing promulgated, published and processed rules and regulations as of August 27, 1973, the date of the final order. Absent rules or regulations constituting grounds for denial, the MLCC shall grant plaintiff a license.

No costs, a public question involved.