STATE BOARD OF DENTISTRY v BLUMER

1. CONSTITUTIONAL LAW—DUE PROCESS—ADMINISTRATIVE LAW—AD-
   MINISTRATIVE AGENCIES—LEGISLATIVE TASKS—PRECISE STAN-
   DARDS.

   The existence of reasonably precise standards to be utilized by
   administrative agencies in the performance of delegated legisla-
   tive tasks is a basic due process requirement; these standards
   must be as reasonably precise as the subject matter requires or
   permits.

2. LICENSES—DENTISTRY LICENSE—PROPERTY RIGHTS—ADMINISTRATIVE
   LAW—REVOCATION OF LICENSES—STATUTORY CONSTRUCTION.

   A license to practice dentistry is a valuable property right and
   statutes authorizing the revocation of a dentistry license must
   be strictly construed; there can be little room for arbitrariness
   when it comes to revoking licenses to practice a learned profes-
   sion.

3. LICENSES—DENTISTRY LICENSE—ADMINISTRATIVE LAW—STATE
   BOARD OF DENTISTRY—STATUTORY STANDARDS—REVOCATION OF
   LICENSES—STATUTES.

   A revocation under the dentistry act of a dentistry license by the
   State Board of Dentistry for dishonorable and unprofessional
   conduct in the practice of dentistry should be vacated where
   the statutory standards of the dentistry act are neither as
   reasonably precise as the subject matter requires nor as the
   subject matter permits, and thereby leaves to the unchecked
   discretion of the regulatory board the determination of what
   conduct may result in license revocation, and where the board
   has failed to promulgate rules adding substance to the vague
   terms of the statute (MCLA 338.201 *et seq.;* MSA 14.629[1] *et
   seq.).*

Appeal from the State Board of Dentistry. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 1 Am Jur 2d, Administrative Law § 113 *et seq.*
[2] 51 Am Jur 2d, Licenses and Permits §§ 58, 59.

mitted June 8, 1977, at Lansing. (Docket No. 28576.) Decided September 22, 1977.

The State Board of Dentistry charged Darrell C. Blumer with violations of the provisions of the dentistry act. The board determined that the defendant was guilty of dishonorable and unprofessional conduct in the practice of dentistry and revoked the defendant's license to practice dentistry in Michigan. Defendant appeals by leave granted. Revocation of defendant's license vacated.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Howard C. Marderosian,* Assistant Attorney General, for plaintiff.

*Jerkins, Plaszczak & Hurley* (by *James F. Bauhof),* for defendant.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

PER CURIAM. Defendant Blumer was a dentist licensed by the State Board of Dentistry. On August 27, 1975, a complaint was served on the defendant by the board alleging violations of provisions of the dentistry act, MCLA 338.201 *et seq.;* MSA 14.629(1) *et seq.*

Count I charged defendant with having violated § 18(b) of the act, which provides that "[t]he board shall suspend * * * or revoke the license of a licensed dentist * * * for fraud or deceit in procuring admission to practice dentistry".[1] Count II charged defendant with unprofessional conduct in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 338.218(b); MSA 14.629(18)(b).

the practice of dentistry in violation of § 18(n) of the act which provides that the board shall suspend or revoke the license of a dentist "[f]or being guilty of dishonorable or unprofessional conduct in the practice of dentistry".[2]

On September 5, 1975, a first amended complaint was served on defendant amending various parts of Count II. On October 17, 1975, a second amended complaint was served. This added a new count, Count III, charging defendant with a second violation of § 18(b).

On November 7, 1975, a hearing was held before the board. Count I was dismissed on motion of the board's attorney and the hearing examiner found that there was insufficient evidence to establish a violation of the act in Count III. As to Count II, however, the examiner determined that defendant was guilty of dishonorable and unprofessional conduct in the practice of dentistry. On April 6, 1976, the board revoked defendant's license to practice dentistry in Michigan. Revocation was based on the finding that defendant had violated § 18(n).

Defendant's unprofessional conduct consisted of writing 11 prescriptions for the controlled substance Demerol[3] in the name of individuals who then gave the drug to defendant for his own use. Defendant testified that he used the drug due to chronic mastoiditis, which caused him severe pain in his right ear.

On this appeal of the ruling of the board, defendant argues that the section of the dentistry act relied upon by the board as authority for revoking defendant's license is so lacking in definitive standards as to be violative of the due process clauses

---

[2] MCLA 338.218(n); MSA 14.629(18)(n).

[3] A tradename for meperidine, a synthetic narcotic drug used as an analgesic, sedative and antispasmodic.

of the Fifth and Fourteenth Amendments to the U. S. Constitution.

Our review of the record indicates that the vague standard employed by the board is only one of the problems in this case. At the hearing the board called no witnesses. Exhibits were introduced into the record consisting of several prescriptions written by the defendant for Demerol. Most were written for defendant's wife. Some were written for other persons not identified in the record. Defendant testified that he wrote prescriptions for Demerol for other people but used the drug himself for chronic pain. The only argument made by the attorney for the board was the conclusory statement that "Dr. Blumer has abused his license to practice dentistry in that I believe it has been shown he prescribed and used certain drugs for himself, and not related to the practice of dentistry".

Section 18 of the dentistry act gives the board authority to suspend or revoke the license of a dentist for a number of specified reasons. One of these reasons, for which defendant's license was revoked, is "[f]or being guilty of dishonorable or unprofessional conduct in the practice of dentistry". MCLA 338.218(n); MSA 14.629(18)(n). The terms "dishonorable" and "unprofessional" are not defined or limited.

A basic requirement of substantive due process is "the existence of reasonably precise standards to be utilized by administrative agencies in the performance of delegated legislative tasks". *State Highway Commission v Vanderkloot,* 392 Mich 159, 169–170; 220 NW2d 416 (1974). These standards must be as reasonably precise as the subject matter requires or permits. *Osius v St Clair Shores,* 344 Mich 693, 698; 75 NW2d 25 (1956),

*Department of Natural Resources v Seaman,* 396 Mich 299, 309; 240 NW2d 206 (1976).

Requiring reasonably precise standards helps to ensure that individuals are not held responsible by the state for conduct they could not reasonably understand to be proscribed. Moreover, requiring reasonably clear guidelines for officials enforcing the laws prevents arbitrary and discriminatory enforcement. The subject matter in the case at bar requires such standards. It is generally recognized that a license to practice dentistry is a valuable property right and that statutes authorizing revocation of a license must be strictly construed. 61 Am Jur 2d, Physicians, Surgeons & Other Healers, § 44, p 167; 70 CJS, Physicians & Surgeons, § 16, p 872. While administrative tribunals such as the board must exercise some discretion in the administration of a statute,[4] when it comes to revoking licenses to practice a learned profession, there can be little room for arbitrariness. By its wording, § 18(n) gives the board virtual carte blanche in determining what conduct will result in revocation of a dentist's license. The terms "dishonorable" and "unprofessional" are in no way limited by the statute. The board is given no standards by which to judge a practitioner's conduct and we are di-

---

[4] *See Toole v State Board of Dentistry,* 306 Mich 527; 11 NW2d 229 (1943).

*Cf. Sanchick v State Board of Optometry,* 342 Mich 555; 70 NW2d 757 (1955).

*Cf. Warnshuis v State Board of Registration in Medicine,* 285 Mich 699; 281 NW 410 (1938), and *Kennedy v State Board of Registration in Medicine,* 145 Mich 241; 108 NW 730 (1906).

In *Kennedy, supra,* the Court cited with approval the reasoning in *Matthews v Murphy,* 23 Ky L Rptr 750; 63 SW 785 (1901). In *Matthews* it was held that a physician's license could not be revoked for "unprofessional conduct" because the phrase was too broad and general and did not afford a standard by which a practicing physician might have notice of what conduct was improper. *See also, Kentucky State Board of Dental Examiners v Crowell,* 220 Ky 1; 294 SW 818 (1926).

rected to no administratively promulgated rules creating such standards.

"While it is competent for the legislature of a state to declare the acts or conduct for which a medical, dental or similar license may be revoked, the acts or conduct should be designated in the · statute with certainty and definiteness and be such as affect the health, morals, or safety of the community. The Legislature cannot confer on the board authority to determine the grounds for revocation; and a statute attempting to do so is void." 70 CJS, Physicians & Surgeons, § 17, p 876. (Citations omitted.) See, *Baker v State Board of Dentistry,* 63 Mich App 729, 732; 235 NW2d 157 (1975).

The statutory standards are not as reasonably precise as the subject matter requires. Furthermore, they are not as reasonably precise as the subject matter permits. Section 11 of the Medical Practice Act, MCLA 338.1801, *et seq.,* MSA 14.542(1), *et seq.,* provides that the Medical Practice Board may refuse to issue or continue the license of a physician guilty of "unprofessional and dishonest conduct". MCLA 338.1811; MSA 14.542(11). The statute then lists 15 specific acts or practices which constitute unprofessional and dishonest conduct. In the act regulating the practice of optometry, MCLA 338.251, *et seq.;* MSA 14.641, *et seq.,* the Board of Examiners in Optometry is authorized to revoke a certificate of registration of any person guilty of "grossly unprofessional, unethical and dishonest conduct of a character likely to deceive the public". MCLA 338.254; MSA 14.644. The statute then defines 10 specific acts or practices which constitute "unprofessional and dishonest conduct". MCLA 338.254(a)–(h); MSA 14.644(a)–(h). Of the statutes regulating these allied healing professions, only the dentistry act

leaves to the unchecked discretion of the regulatory board the determination of what conduct may result in license revocation. Certainly the practice of dentistry is not so different from those of medicine and optometry that it does not permit as precise standards as the others.

We find that MCLA 338.218(n); MSA 14.629(18)(n) provides insufficient standards for the board's exercise of its powers and thus may not serve as a basis for license revocation. However, it is unnecessary to declare the statute unconstitutional. Under MCLA 338.202; MSA 14.629(2), the board is required to adopt rules to carry out the act. This requirement includes § 18(n). The failure of the board to promulgate rules adding substance to the vague terms of the statute prevents revocation of Blumer's license on the grounds stated. *Cf. Baker v State Board of Dentistry, supra.*

The order of the board revoking defendant's license is hereby vacated. Costs to defendant.