BERKOWITZ v DEPARTMENT OF LICENSING AND
REGULATION

Docket No. 67458. Submitted April 18, 1983, at Lansing.—Decided
July 20, 1983.

On September 30, 1978, the Psychologist Registration Act (PRA)
governing the licensing of psychologists was repealed and re-
placed by the new Public Health Code. The new Public Health
Code created the Board of Psychology and required it to pro-
mulgate licensing rules. On February 17, 1979, prior to the
promulgation of such rules, petitioner, Sidney J. Berkowitz,
submitted an application to the Board of Psychology for certifi-
cation as a psychologist. On March 8, 1979, the board notified
petitioner that a moratorium had been placed on the evalua-
tion of all new applications until new rules were promulgated
to implement the new Public Health Code. On March 27, 1979,
the new rules were promulgated. On May 29, 1979, the board
denied petitioner's application, citing deficiencies under the
new rules. The board reaffirmed that decision on October 11,
1979. An administrative law examiner from the Michigan
Department of Licensing and Regulation thereafter conducted a
formal hearing and issued findings that: (1) the application was
properly governed by the new Public Health Code and the rules
promulgated thereunder, (2) the moratorium on the evaluation
of applications was proper, and (3) petitioner failed to meet the
licensing requirements of the new Public Health Code and the
rules promulgated thereunder. The board then incorporated
these findings into a final order denying petitioner's applica-
tion. Petitioner then sought a review of that order in the
Oakland Circuit Court. After a hearing, the court issued an
order upholding the board's findings. Francis X. O'Brien, J.
Petitioner appeals from that order arguing that his application
should be evaluated under the rules promulgated pursuant to

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Administrative Law § 25.
[2] 1 Am Jur 2d, Administrative Law § 23 et seq.
[3] 2 Am Jur 2d, Administrative Law § 309.
[4] 1 Am Jur 2d, Administrative Law §§ 140, 183.
    2 Am Jur 2d, Administrative Law § 303 et seq.

the now-repealed PRA. He argues alternatively that if there were no rules at all in effect at the time of his application then pursuant to Court of Appeals precedent the board may not deny his application. He also argues that his expectation of obtaining a license under the PRA was a property right which could not be denied him without due process of law. *Held:*

1. The new Public Health Code did not vest substantially the same rule-making power in the board as did the PRA in the board's predecessor. Therefore, § 31(2) of the Administrative Procedures Act does not apply and permit the board to rely on rules promulgated under the PRA. The rules promulgated pursuant to the PRA did not continue in effect after the effective date of the new Public Health Code.

2. The board properly placed a moratorium on the evaluation of all applications until after it had promulgated new rules by which it could evaluate those applications. The facts in the case cited by petitioner are not analogous to those in the instant case.

3. Petitioner has no property interest in obtaining a license under the PRA since he does not have a legitimate claim to being licensed pursuant to rules promulgated under the now-repealed PRA.

Affirmed.

1. ADMINISTRATIVE LAW — RULES — SUCCESSOR AGENCY'S RULES.

   The Administrative Procedures Act provides that when a law authorizing an agency to promulgate rules is repealed and substantially the same rule-making power is vested in the same or successor agency by a new provision of law the existing rules of the original agency continue in effect until amended or rescinded (MCL 24.231[2]; MSA 3.560[131][2]).

2. ADMINISTRATIVE LAW — RULES — BOARD OF PSYCHOLOGY — PUBLIC HEALTH CODE — PSYCHOLOGIST REGISTRATION ACT.

   The rule-making power and authority vested in the Board of Psychology under the new Public Health Code is substantially different from that previously given the board's predecessor under the Psychologist Registration Act; therefore, the rules promulgated pursuant to the now-repealed Psychologist Registration Act did not continue in effect after the effective date of the new Public Health Code (MCL 333.1101 *et seq.,* 338.1001 *et seq.;* MSA 14.15[1101] *et seq.,* 14.677[1] *et seq.).*

3. ADMINISTRATIVE LAW — AGENCIES — SUSPENSION OF RULES.

   An administrative agency may amend, rescind, or suspend its

rules and regulations and has discretion to suspend a rule or regulation pending its administrative review.

4. CONSTITUTIONAL LAW — PROPERTY RIGHTS — DUE PROCESS.

A person must have a legitimate claim of entitlement to a property right rather than a mere unilateral expectation in order for due process protections to attach to such claim of a property right.

*Goren & Baker, P.C.* (by *Robert L. Baker*), for petitioner.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Howard C. Marderosian*, Assistant Attorney General, for respondents.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. Petitioner appeals as of right from a decision of the Oakland County Circuit Court,[1] affirming a decision of the Board of Psychology not to certify him as a psychologist.

I

Prior to September 30, 1978, the licensing of psychologists in Michigan was governed by the Psychologist Registration Act (PRA), MCL 338.1001 *et seq.;* MSA 14.677(1) *et seq.,* and rules promulgated thereunder. On September 30, 1978, the PRA was repealed[2] and replaced by the new Public Health Code, MCL 333.1101 *et seq.;* MSA 14.15(1101) *et seq.* In the Public Health Code, the Legislature created the Board of Psychology and

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Statutory jurisdiction for this action is found at MCL 24.301; MSA 3.560(201).

[2] See MCL 333.25101; MSA 14.15(25101).

required it to promulgate licensing rules in accordance with the provisions of the code[3] within six months of its effective date.[4]

On February 17, 1979, subsequent to the repeal of the PRA but prior to the promulgation of licensing rules under the new Public Health Code, petitioner submitted his application for certification as a psychologist. On March 8, 1979, the Board of Psychology notified petitioner that a moratorium had been placed on evaluations of all new applications until new rules were promulgated to implement the Public Health Code.

On March 27, 1979, new rules were promulgated. On May 29, 1979, the board denied petitioner's application, citing deficiencies under the new rules. The board reaffirmed that decision on October 11, 1979. On February 4, 1981, an administrative law examiner from the Michigan Department of Licensing and Regulation conducted a formal hearing. Petitioner contended that, since his application was submitted prior to the promulgation of the new rules, his application should be considered under the old rules of the PRA. On May 12, 1981, the administrative law examiner issued her findings, concluding that:

(1) Petitioner's application was properly governed by the Public Health Code and the rules promulgated thereunder,

(2) The board's moratorium on applications until it had promulgated new rules was proper, and

(3) Petitioner had failed to meet the licensing requirements of the Public Health Code and the rules promulgated thereunder.

---

[3] MCL 333.18221; MSA 14.15(18221); MCL 333.16145(3)(a); MSA 14.15(16145)(3)(a); MCL 333.18223; MSA 14.15(18223).

[4] See MCL 333.18211; MSA 14.15(18211); MCL 333.18212; MSA 14.15(18212).

The board incorporated these findings into a final order denying petitioner's application. Petitioner then sought a review of that order in the circuit court. After a hearing, the court upheld the board's findings and rejected constitutional challenges raised by petitioner.

## II

Petitioner argues that his application should be evaluated under the rules promulgated pursuant to the now-repealed PRA. Petitioner argues that § 31(2) of the Administrative Procedures Act[5] permits the board to rely on rules promulgated under the repealed act.

Section 31(2) provides that when a law authorizing an agency to promulgate rules is repealed and substantially the same rule-making power is vested in the same or a successor agency by a new provision of law the existing rules of the original agency continue in effect until amended or rescinded. Thus, § 31(2) authorizes an agency to utilize rules promulgated under a repealed act only if the agency possesses "substantially the same rule-making power or duty" as its predecessor had.

We find, however, that, as to the licensing of psychologists, the rule-making power and authority vested in the Board of Psychology under the Public Health Code is substantially different than that previously given the board's predecessor under the PRA. The Public Health Code significantly changed the nature and scope of activities that the state recognizes as within the practice of psychology. The PRA provided for certification of "consulting psychologists", "psychologists", and "psy-

---

[5] MCL 24.231(2); MSA 3.560(131)(2).

chological examiners".[6] The Public Health Code, however, provides only for a license to practice psychology[7] and a limited license to practice psychology.[8] Further, the new code is limited to licensing those individuals who are health care providers.[9] In contrast, the PRA defined psychology broadly and included various subspecialties within the field, such as animal behavior and the fields of industrial, experimental, clinical, personal, educational, criminal, social, comparative, personality, and human behavior psychology.[10] The Public Health Code considerably stiffens the educational and training requirements for a license to practice psychology. Under the PRA, an individual needed only to have a doctorate in psychology or its "equivalent".[11] The Public Health Code requires that an individual have either a doctoral degree in psychology or a doctoral degree in a closely related field, which includes education and training appropriate to the practice of psychology.[12] While the PRA required anywhere from one to five years of professional and/or supervisory experience,[13] the Public Health Code requires "not less than 2 years postdoctoral experience * * * in an organized health care setting".[14]

Having reviewed the two acts, we find that the Public Health Code did not vest substantially the same rule-making power in the board as did the

[6] See MCL 338.1004-338.1006; MSA 14.677(4)-14.677(6).

[7] MCL 333.18223(1); MSA 14.15(18223)(1).

[8] MCL 333.18223(3); MSA 14.15(18223)(3).

[9] See MCL 333.18201(1)(b); MSA 14.15(18201)(1)(b).

[10] MCL 338.1001(b); MSA 14.677(1)(b).

[11] MCL 338.1004(a); MSA 14.677(4)(a).

[12] MCL 333.18223(1); MSA 14.15(18223)(1).

[13] See MCL 338.1004(b); MSA 14.677(4)(b); MCL 338.1005(b); MSA 14.677(5)(b); MCL 338.1006(b); MSA 14.677(6)(b).

[14] MCL 333.18223(1); MSA 14.15(18223)(1).

PRA in the board's predecessor. We hold, therefore, that the rules promulgated pursuant to the repealed PRA did not continue in effect after the effective date of the Public Health Code.

Petitioner argues alternatively that if there were no rules at all in effect at the time of his application then, pursuant to *State Board of Dentistry v Blumer,* 78 Mich App 679; 261 NW2d 186 (1977), the board may not deny his application under such circumstances. In *Blumer,* this Court held that the Board of Dentistry could not revoke an individual's license for misconduct where the board had never promulgated any regulations establishing grounds for revocation. *Blumer* would be analogous to the instant case if the Board of Psychology had acted upon and denied petitioner's application during the interim of September 30, 1978, through March 27, 1979, when no rules were in effect. However, the board properly placed a moratorium on the evaluation of all applications until after it had promulgated new rules by which it could evaluate those applications.

After receiving petitioner's application the board informed him that it had placed a moratorium on the evaluation of all applications recevied after September 30, 1978. An administrative agency may amend, rescind, or suspend its rules and regulations and has discretion to suspend a rule or regulation pending its administrative review. *International Union of Civil Rights and Social Service Employees v Michigan Civil Service Comm,* 57 Mich App 526, 530; 226 NW2d 550 (1975). The board's decision to withhold action on all applications filed after September 30, 1978, until it had promulgated new regulations was appropriate.

## III

Petitioner argues further that his expectation of

obtaining a license under the PRA was a "property right" which could not be denied him without due process of law. For due process protections to attach to a property right, a person must have more than a unilateral expectation. *Board of Regents of State Colleges v Roth,* 408 US 564, 577; 92 S Ct 2701; 33 L Ed 2d 548 (1972). Rather, he must have a legitimate claim of entitlement. *Roth, supra,* 408 US 577. Having determined that petitioner does not have a legitimate claim to being licensed pursuant to rules promulgated under the now-repealed PRA, we find that he had no property interest.

Affirmed.