FENTON AREA PUBLIC SCHOOLS v SORENSEN-GROSS
CONSTRUCTION COMPANY

Docket No. 60338. Submitted October 7, 1982, at Lansing.—Decided
April 5, 1983. Leave to appeal applied for.

Plaintiff, Fenton Area Public Schools, entered into a construction
contract with Sorensen-Gross Construction Company in Sep-
tember, 1967, for the erection of a new senior high school. On
November 1, 1967, Collinson Construction Company purchased
the assets, name, and good will of Sorensen-Gross Construction
Company. Sorensen-Gross Construction Company changed its
name to Love Liquidating Corporation and Collinson Construc-
tion Company filed an assumed name certificate in Genesee
County indicating that it would be conducting business under
the name Sorensen-Gross Company. With plaintiff's consent,
Love Liquidating Corporation assigned the contract for con-
struction of the high school to Collinson Construction Company.
Love Liquidating Corporation was then dissolved. Construction
of the high school began on November 22, 1967. The Collinson
Construction Company, doing business as Sorensen-Gross Com-
pany, by and through its subcontractor, Grooves Roofing Com-
pany, Inc., assembled and installed the roof on the school. The
entire school project was completed January 15, 1971. Almost
immediately after installation of the roof, plaintiff complained
to Collinson Construction Company, Grooves Roofing Company,
Inc., and the architect about various leaks in the roof. On
February 16, 1971, a new corporation was formed bearing the
name Sorensen-Gross Construction Company (hereafter "new
Sorensen-Gross"). At that time new Sorensen-Gross purchased
approximately one-third of the total equipment and assets of

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 145, 146, 223.
[2] 63 Am Jur 2d, Products Liability § 224.
[3] 63 Am Jur 2d, Products Liability § 221.
   When cause of action arises on action against manufacturer or
   seller of product causing injury or death. 4 ALR3d 821.
[4] 5 Am Jur 2d, Arbitration and Award § 183.
[5] 19 Am Jur 2d, Corporations § 1546.
[6] 19 Am Jur 2d, Corporations § 1562.

Collinson Construction Company and its sister corporation, Commercial Realty Corporation. On August 15, 1972, new Sorensen-Gross purchased all of the capital stock of Collinson Construction Company. Under the terms of the stock-purchase agreement, new Sorensen-Gross agreed to release the name Collinson Construction Company 18 months after the purchase to J. W. Construction Company, a corporation formed by some of Collinson Construction Company's officers. After the acquisition of Collinson Construction Company by new Sorensen-Gross, the location of Collinson's corporate offices were moved to a building in Flint where the new Sorensen-Gross offices were located and where the Sorensen-Gross Company division of Collinson Construction Company had been located since 1968. New Sorensen-Gross assumed certain liabilities of Collinson Construction Company including the mortgage, past taxes and insurance on the Flint office building and liability for workers' compensation for employees new Sorensen-Gross hired who formerly worked for Collinson. Certain minor construction projects already commenced by Collinson Construction Company prior to the acquisition were thereafter finished with labor and equipment from Collinson and management from new Sorensen-Gross. The assumed name certificate filed by Collinson Construction Company in 1967 to do business as Sorensen-Gross Company expired on November 11, 1972, two months after new Sorensen-Gross purchased all of the capital stock of Collinson. On November 21, 1973, new Sorensen-Gross released the name Collinson Construction Company and changed the name of that corporation to Aloha Construction Company. During 1973, plaintiff continued to complain about the leaking roof on the school. In January, 1975, plaintiff commenced a suit against Aloha Construction Company and the building's architects. The trial court ordered the parties to proceed to arbitration pursuant to the terms of the construction contract. A subsequent arbitration proceeding resulted in an award against Aloha Construction Company in the amount of $39,444.60. In July, 1979, plaintiff filed suit in Genesee Circuit Court against defendants Aloha Construction Company and new Sorensen-Gross, alleging that Aloha had failed to pay the award and that new Sorensen-Gross should be held liable for the debt of its subsidiary, Aloha. Aloha raised a statute of limitations defense and new Sorensen-Gross argued that it could not be held liable for the debts of its subsidiary, Aloha. The trial court, Philip C. Elliott, J., granted judgment in favor of plaintiff against both defendants. Defendants appeal. Pursuant to a stipulation by all of the parties defendant Aloha

Construction Company was thereafter dismissed from the appeal. *Held:*

1. A suit based on damages resulting from the assembly of a defective roof is a products liability action.

2. The period of limitations is three years for a products liability action. There was a four-year period between plaintiff's discovery of the defect and the filing of its complaint.

3. The timeliness of an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the courts. Thus, a statute of limitations defense must be raised in the arbitration proceeding. Here, the defense must be deemed to have been waived since it was not alleged that the defense was ever raised before the arbitration panel.

4. The Supreme Court has adopted the rule of "continuity of enterprise" for products liability cases which arise subsequent to corporate transfers. Such rule provides that products liability may attach to a corporation which acquires the maker of a product where the totality of the acquisition demonstrates a basic continuity of enterprise between the maker and the acquiring corporation under four guidelines: (1) there is a continuity of management, personnel, physical location, assets and general business operations of the selling corporation; (2) the selling corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible; (3) the purchasing corporation assumes those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations to the selling corporation; and (4) the purchasing corporation holds itself out to the world as the effective continuation of the seller corporation. Here, each of the four guidelines compels a finding that there has been a continuation of enterprise from Collinson Construction Company to new Sorensen-Gross.

5. Since new Sorensen-Gross is a successor corporation to Collinson Construction Company, now known as Aloha Construction Company, new Sorensen-Gross was properly held liable for the liquidated debt of Collinson (Aloha) to plaintiff.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION — DICTIONARY DEFINITIONS.
   The Court of Appeals responsibility in construing a statute is to implement the purpose and intent of those who enacted it; statutory language should be construed according to the common and approved usage of the language and resort to dictionary definitions is an appropriate method of achieving this result (MCL 8.3a; MSA 2.212[1]).

2. ACTIONS — PRODUCTS LIABILITY — DEFECTIVE ROOFS.

An action based on damages resulting from the assembly of a defective roof is a products liability action (MCL 600.2945; MSA 27A.2945).

3. LIMITATION OF ACTIONS — PRODUCTS LIABILITY.

The period of limitations is three years for a products liability action (MCL 600.5805[9]; MSA 27A.5805[9]).

4. ARBITRATION — LIMITATION OF ACTIONS — WAIVER OF DEFENSES.

The timeliness of an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the courts, thus, a statute-of-limitations defense must be raised in the arbitration proceeding and may be deemed waived where not raised before the arbitration panel.

5. CORPORATIONS — SALE OF ASSETS — ASSUMPTION OF LIABILITIES.

The sale or transfer of assets by one corporation to another does not bring with it liability for the liquidated or unliquidated debts, claims or liabilities of the selling corporation under traditional corporate analysis principles.

6. PRODUCTS LIABILITY — CORPORATIONS — SALE OF ASSETS — ASSUMPTION OF LIABILITIES.

Products liability may attach to a corporation which acquires the maker of a product where the totality of the acquisition demonstrates a basic continuity of enterprise between the maker and the acquiring corporation, under these guidelines: (1) there is a continuity of management, personnel, physical location, assets, and general business operations of the selling corporation; (2) the selling corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible; (3) the purchasing corporation assumes those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the selling corporation; and (4) the purchasing corporation holds itself out to the world as the effective continuation of the seller corporation.

*Mark C. McCabe,* for plaintiff.

*Riecker, George, Hartley, Van Dam & Camp, P.C.* (by *Barry B. George),* for defendant.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

M. J. KELLY, J. Plaintiff brought suit for judgment on an arbitration award. The trial court granted judgment in favor of plaintiff against defendants Sorensen-Gross Construction Company and Aloha Construction Company. Defendants appealed as of right. Pursuant to a stipulation by all of the parties, defendant Aloha Construction Company was dismissed from the appeal by the clerk of this Court, pursuant to GCR 1963, 809.

I

In September, 1967, plaintiff entered into a construction contract with Sorensen-Gross Construction Company for the erection of a new senior high school in Fenton, Michigan. Shortly thereafter, on November 1, 1967, Collinson Construction Company purchased the assets, name, and good will of Sorensen-Gross Construction Company. Sorensen-Gross Construction Company changed its name to "Love Liquidating Corporation" and Collinson Construction Company filed an assumed name certificate in Genesee County, indicating that it would be conducting business under the name "Sorensen-Gross Company". With plaintiff's consent, Love Liquidating Corporation assigned the contract for construction of the high school to Collinson Construction Company. Love Liquidating was then dissolved.

Construction of the high school began on November 22, 1967. The general contractor, Collinson Construction Company, doing business as Sorensen-Gross Company, by and through its subcontractor, Grooves Roofing Company, Inc., installed a

* Circuit judge, sitting on the Court of Appeals by assignment.

two-ply flat roof on the school. The roof was assembled and installed from various component parts which were delivered to the job site. Construction of the entire school project was completed January 15, 1971. Almost immediately after installation of the roof, plaintiff complained to Collinson Construction Company, Grooves Roofing Company, Inc., and the architect about various leaks in the roof.

On February 16, 1971, a new corporation was formed, bearing the name "Sorensen-Gross Construction Company" (hereafter "new Sorensen-Gross"). At the time of the incorporation, new Sorensen-Gross purchased assets and equipment from both Collinson Construction Company and its "sister" corporation, from which Collinson Construction Company often leased construction equipment, Commercial Realty Corporation. Although the record is unclear as to what percentage of Collinson's assets were purchased by new Sorensen-Gross, new Sorensen-Gross did purchase approximately one-third of the total equipment and assets owned by the two corporations.

On August 15, 1972, new Sorensen-Gross purchased all of the capital stock of Collinson Construction Company. Some officers of Collinson formed a new corporation, J. W. Construction Company. Under the terms of the stock-purchase agreement, new Sorensen-Gross agreed to release the name "Collinson Construction Company" 18 months after the purchase to J. W. Construction Company.

After the acquisition of Collinson by new Sorensen-Gross, the location of Collinson's corporate offices were moved to 3407 Torrey Road, Flint, Michigan, the location of new Sorensen-Gross' offices and the same place where the Sorensen-Gross

Company division of Collinson Construction Company had been located since 1968. New Sorensen-Gross assumed certain liabilities of Collinson: the mortgage, past taxes and insurance on the Torrey Road office building, and liability for workers' compensation for employees new Sorensen-Gross hired who formerly worked for Collinson. Certain minor construction projects which had already been commenced by Collinson prior to the acquisition were finished with labor and equipment from Collinson and management from new Sorensen-Gross.

The assumed name certificate filed by Collinson in 1967 to do business as Sorensen-Gross Company expired on November 11, 1972, two months after new Sorensen-Gross purchased all of the capital stock of Collinson. On November 21, 1973, new Sorensen-Gross released the name "Collinson Construction Company" and changed the name of that corporation to "Aloha Construction Company".

During 1973, plaintiff continued to complain about the leaking of the roof on the high school. In January, 1975, plaintiff commenced a suit against Aloha and the building's architects. Pursuant to the terms of the construction contract, however, the trial court ordered the parties to proceed to arbitration. A subsequent arbitration proceeding resulted in an award against Aloha in the amount of $39,444.60. A simultaneous award which has no bearing on this appeal was granted against the architects for $21,239.40.

In July, 1979, plaintiff filed suit in Genesee County Circuit Court against both Aloha and new Sorensen-Gross, alleging that Aloha had failed to pay the award and that new Sorensen-Gross should be held liable for the debt of its subsidiary, Aloha. Aloha raised a statute of limitation defense.

New Sorensen-Gross argued that it could not be held liable for the debts of its subsidiary. The parties agreed to a stipulation of facts under GCR 1963, 111.10.

The trial court granted judgment against both defendants. The court did not clarify its application of the law to the stipulated facts. Rather, the court stated in its opinion:

"The court does not believe it will be helpful to discuss the facts and law. There may be several legal theories to support plaintiff's judgment. In addition to the *persuasive arguments in the plaintiff's brief* the court will add only: (1) It is also possible to consider that new Sorensen-Gross and Aloha are or were one and the same entity, alter egos, or so connected that each becomes a party to an arbitration against the other arising out of the Fenton School job; and (2) There could be several factual bases whereby the arbitrator could have concluded that the statute of limitations did not bar recovery. There may have been representations that the defective product could be repaired or a failure to claim expiration of the applicable limitation period before the arbitrator. In any event, the agreed facts do not establish such a defense or show a reason for vacating the arbitrator's award under GCR 1963, 769."

## II

We must first determine whether the present action is within the scope of "products liability" law. Products liability actions are statutorily defined in Michigan:

"As used in sections 2946 and 2949 and section 5805, 'products liability action' means an action based on any legal or equitable theory of liability brought for or on account of death or injury to person or property caused

by or resulting from the manufacture, construction, design, formula, development of standards, preparation, processing, assembly, inspection, testing, listing, certifying, warning, instructing, marketing, advertising, packaging, or labeling of a product or a component of a product." MCL 600.2945; MSA 27A.2945.

By its terms, the statute embodies suits brought on account of the manufacture, construction, or assembly of any product. In the instant case, the defective roof was constructed or assembled by Collinson Construction Company, under the name Sorensen-Gross Company, through its subcontractor. Thus, the only question is whether the assembly of the roof was an assembly of "a product or a component of a product". Prior Michigan cases have not addressed this question.

The term "product" is not statutorily defined and no Michigan case has undertaken the task of assessing the limits of the term. Our responsibility in construing the statute, therefore, is to implement the purpose and intent of those who enacted it. See *People v Gilbert,* 414 Mich 191, 200; 324 NW2d 834 (1982). We must construe statutory language "according to the common and approved usage of the language". MCL 8.3a; MSA 2.212(1), see *People v Lee,* 66 Mich App 5, 8; 238 NW2d 397 (1975). A resort to dictionary definitions is an appropriate method of achieving this result. See *State ex rel Wayne County Prosecuting Attorney v Levenburg,* 406 Mich 455, 465; 280 NW2d 810 (1979).

The Random House Dictionary of the English Language: The Unabridged Edition (1973 ed), p 1148, defines "product" as "a thing produced by labor". Under this definition, the roof, produced by the labor of assembly, would be a product.

There is no language in MCL 600.2945; MSA

27A.2945 suggesting that it should not be applied to the roof of a building. Indeed, the Legislature enacted this statute after judicial criticism of distinctions between purchasers of personal property and purchasers of buildings. See *Weeks v Slavik Builders, Inc,* 24 Mich App 621, 625; 180 NW2d 503 (1970) (expressly limiting its criticism to the facts of that case), *aff'd* 384 Mich 257; 181 NW2d 271 (1970).

A finding that the statute includes actions based on defective roofs would not be contrary to any Michigan decision available at the time the legislation was enacted. In *Gauthier v Mayo,* 77 Mich App 513; 258 NW2d 748 (1977), this Court held that a suit based on defects in a modular home was properly founded in products liability. In *Southgate Community School Dist v West Side Construction Co,* 399 Mich 72; 247 NW2d 884 (1976), the Supreme Court termed a suit based on defective tile floors, laid as part of the construction of a new elementary school, to be a products liability action.

Guided by the statutory definition of a "products liability action" and our interpretation of Michigan case law, we hold that a suit based on damages resulting from the assembly of a defective roof is a "products liability action".

### III

We now turn to new Sorensen-Gross' argument that the statute of limitations bars this action. The period of limitations is three years for a products liability action. MCL 600.5805(9); MSA 27A.5805(9). Plaintiffs first noticed that the roof was defective shortly after its assembly, in January, 1971. Suit was not commenced, however, until January, 1975. New Sorensen-Gross argues that

this four-year period between plaintiff's discovery of the defect and the filing of its complaint brings this action outside of the period of limitations.

The timeliness of an arbitration proceeding is a procedural issue to be determined by the arbitrators rather than the courts. *Brown v Holton Public Schools,* 397 Mich 71; 243 NW2d 255 (1976). Thus, a statute-of-limitations defense must be raised in the arbitration proceeding. Although defendant new Sorensen-Gross asserts the statute-of-limitations defense on appeal before this Court and defendant Aloha raised the defense at the trial court level in response to plaintiff's action to enforce the arbitration award, the record does not reveal whether this defense was ever raised before the arbitration panel. Neither party on appeal to this Court asserts that the defense was raised before the arbitrators. The arbitrators' written award does not mention the defense. Since a statute-of-limitations defense must be raised before the arbitration panel rather than a court and new Sorensen-Gross has not alleged that the defense was ever raised before the arbitration panel in the instant case, the defense must be deemed waived.

IV

We now consider whether the circuit court correctly held defendant new Sorensen-Gross liable for the arbitrators' award against defendant Aloha. Under traditional corporate analysis, the sale or transfer of assets by one corporation to another did not bring with it liability for the liquidated or unliquidated debts, claims, or liabilities of the selling corporation. *Pelc v Bendix Machine Tool Corp,* 111 Mich App 343, 351; 314 NW2d 614 (1981). In *Turner v Bituminous Casualty Co,* 397 Mich 406, 420; 244 NW2d 873 (1976), however, our

Supreme Court adopted the rule of "continuity of enterprise" for products liability cases which arise subsequent to corporate transfers. There, the Court held that products liability may attach to a corporation which acquires the maker of a product where the totality of the acquisition demonstrates a basic continuity of enterprise between the maker and the acquiring corporation under these guidelines:

"(1) There is a continuity of management, personnel, physical location, assets, and general business operations of the selling corporation;

"(2) The selling corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible;

"(3) The purchasing corporation assumes those liabilities and obligations of the seller ordinarily · necessary for the uninterrupted continuation of normal business operations to the selling corporation; and

"(4) The purchasing corporation holds itself out to the world as the effective continuation of the seller corporation." *Pelc, supra,* pp 352-353.

We now apply these four *Turner* guidelines to the instant case:

(1) There was continuity of management, personnel, physical location, assets, and general business operations from Collinson Construction Company, which constructed the school under the name Sorensen-Gross Company, and new Sorensen-Gross. Ghassan Saab, who was the manager of the Sorensen-Gross Company division of Collinson Construction Company, was the organizer of new Sorensen-Gross. The shareholders of new Sorensen-Gross were Saab and a foreign corporation, Cloyne Investment Company. John W. Collinson was a major stockholder in both Cloyne Invest-

ment Company and Collinson Construction Company. When new Sorensen-Gross was incorporated it hired certain employees from Collinson Construction Company, including Saab, Paul Emery (who was the project manager of the Fenton School project and was vice-president of old Sorensen-Gross), a number of field engineers, an estimator, and various laborers. The offices of the Sorensen-Gross Company division of Collinson Construction Company had been located at 3407 Torrey Road, Flint, Michigan, since 1968. New Sorensen-Gross' offices are at the same address. Although the record does not disclose what portion of Collinson's assets were acquired by new Sorensen-Gross, one-third of the combined assets of Collinson and a related corporation, Commercial Realty Corporation, were acquired by new Sorensen-Gross. New Sorensen-Gross continued the general business operations of Collinson Construction Company and its Sorensen-Gross Company division.

(2) The record does not reveal that Collinson Construction Company peformed any operations under the name Sorensen-Gross Company after the formation of new Sorensen-Gross. Once new Sorensen-Gross acquired the capital stock of Collinson, Collinson released its name, adopted the name "Aloha Construction Company" and, apparently, existed only as a paper corporation. The record does not reveal any active business operations conducted by Aloha.

(3) The purchasing corporation, new Sorensen-Gross, assumed liabilities and obligations of Collinson necessary for the uninterrupted continuation of the normal business operations of Collinson. These included assumption of liability for the mortgage, past taxes, and insurance on the Torrey Road building and liability for the payment of

workers' compensation for the employees that it hired from Collinson.

(4) Finally, new Sorensen-Gross did hold itself out to the world as the effective continuation of its seller. It adopted the name Sorensen-Gross Construction Company, the name that Collinson Construction Company used in building the Fenton School. Saab admitted using the name Sorensen-Gross to take advantage of any good will that may have been associated with the name.

We are persuaded that each of the four guidelines derived from *Turner* compels a finding that there has been a continuation of enterprise from Collinson Construction Company to new Sorensen-Gross. Since new Sorensen-Gross is a successor corporation to Collinson Construction Company, now known as Aloha Construction Company, new Sorensen-Gross was properly held liable for the liquidated debt of Collinson (Aloha) to plaintiff.

Affirmed.