K MART CORPORATION v DEPARTMENT OF STATE

Docket No. 63785. Submitted March 8, 1983, at Lansing.—Decided July 19, 1983. Leave to appeal denied, 418 Mich 933.

The Department of State brought an administrative complaint against K mart Corporation, charging violations of the Motor Vehicle Service and Repair Act in the form of "unnecessary repairs", which are proscribed by the act. K mart then brought an action in the Ingham Circuit Court against the Department of State, the Secretary of State, and several officers of the Bureau of Automotive Regulation, seeking to enjoin enforcement of the act and to compel disclosure of certain records. The court, Robert Holmes Bell, J., ruled that the circuit court had jurisdiction and granted summary judgment to plaintiff, enjoining defendants from proceeding with enforcement until rules were enacted defining "what is an 'unnecessary repair'". Defendants appeal. *Held:*

1. Judicial review of an administrative action is appropriate after exhaustion of the available administrative remedies. However, if an agency commences an action against a person who contests the agency's authority to bring the proceedings, that person may obtain leave of the court for judicial review of the agency's authority. In this case, the circuit court had subject-matter jurisdiction to determine whether the Department of State had the authority to bring the administrative action.

2. The term "unnecessary" is sufficiently precise in its meaning to insure that parties subject to the act understand that they should not recommend and undertake repairs for which there is no need at all; *i.e.,* that there must be at least some determination of need before performing repairs. The department need not promulgate rules defining the standard of "un-

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 91, 107.
[2] 2 Am Jur 2d, Administrative Law §§ 595, 604.
[3] 2 Am Jur 2d, Administrative Law § 303.
[4] 73 Am Jur 2d, Statutes § 206.
[5] 38 Am Jur 2d, Garages, and Parking and Filling Stations § 53.
  Liability of garageman to one ordering repair of motor vehicle for defective work. 92 ALR2d 1408.

necessary repairs" before administrative action can be brought against a repair facility.

Reversed.

1. COURTS — JURISDICTION — CLAIMS AGAINST STATE.

A circuit court is without jurisdiction to entertain an action against the State of Michigan unless that jurisdiction shall have been acquired by legislative consent.

2. ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES — JUDICIAL REVIEW.

Judicial review of an administrative action is appropriate only after a party has exhausted all of his administrative remedies available within the agency; however, where an agency commences a proceeding against a person who contests the agency's authority or power to bring the proceeding against him, he may obtain leave of a court for judicial review of the agency's authority (MCL 24.301; MSA 3.560[201]).

3. ADMINISTRATIVE LAW — DUE PROCESS — LICENSES — STANDARDS.

Substantive due process requires that, where a statute allows an administrative agency to take action against a licensee for violation of statutory standards, the standards shall be reasonably precise in order to insure that individuals are not held responsible by the state for conduct which they could not reasonably understand to be proscribed.

4. STATUTES — JUDICIAL CONSTRUCTION.

Statutory language is construed according to the common and approved usage of the language, including a resort to dictionary definitions (MCL 8.3a; MSA 2.212[1]).

5. AUTOMOBILES — MOTOR VEHICLE REPAIRS — UNNECESSARY REPAIRS.

The term "unnecessary", as used in the Motor Vehicle Service and Repair Act's proscription against the performing of unnecessary repairs, is sufficiently precise to insure that individuals subject to the act understand that they should not recommend and undertake repairs for which there is no need at all; i.e., that there must be at least some determination of need before performing repairs (MCL 257.1322[1][d]; MSA 9.1720[22][1][d]).

*Robert W. Steele, Scott E. Flick,* and *H. James Starr,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Ronald J. Styka,* Assistant Attorney General, for defendants.

Before: M. J. KELLY, P.J., and GRIBBS and R. L. TAHVONEN,* JJ.

M. J. KELLY, P.J. The Michigan Department of State filed an administrative complaint against plaintiff, charging that two of plaintiff's automobile repair facilities had each made "unnecessary repairs" in violation of § 22(1)(d) of the Motor Vehicle Service and Repair Act, MCL 257.1322(1)(d); MSA 9.1720(22)(1)(d). In response, plaintiff commenced this action in Ingham County Circuit Court, seeking to enjoin administrative enforcement of § 22(1)(d) and to compel disclosure of certain public records. Subject matter jurisdiction was claimed under provisions of the Michigan Freedom of Information Act, MCL 15.240(1); MSA 4.1801(10)(1) and MCL 15.241(5); MSA 4.1801(11)(5). Defendants denied that the circuit court's jurisdiction had been properly invoked. Following a hearing, the circuit court granted summary judgment, pursuant to GCR 1963, 117.2(3), in favor of plaintiff and enjoined defendants from proceeding against plaintiff "until rules and guidelines are enacted in accordance with statutory procedure informing plaintiff (and those similarly situated) what is an 'unnecessary repair' ". From this judgment and order defendants appeal as of right.

I

In addressing whether the instant case was within its jurisdiction, the circuit court found that

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff's complaint concerned the authority of the Department of State to commence an administrative action based on the performance of unnecessary repairs. The court held that since rules had not been promulgated defining the term "unnecessary repairs" the department was without authority to bring an administrative action based on a facility's making unnecessary repairs.

A circuit court is without jurisdiction to entertain an action against the State of Michigan unless that jurisdiction shall have been acquired by legislative consent. *Greenfield Construction Co, Inc v Dep't of State Highways,* 402 Mich 172, 194; 261 NW2d 718 (1978); *Michigan State Chamber of Commerce v Secretary of State,* 122 Mich App 611; 332 NW2d 547 (1983). When an administrative action underlies a controversy, judicial review is appropriate after a person[1] has exhausted all of his administrative remedies available within the agency. MCL 24.301; MSA 3.560(201). If an agency commences an action against a person, however, and that person contests the agency's authority or power to bring the administrative proceeding against him, he may obtain leave for judicial review of the agency's authority. *International Business Machines Corp v Dep't of Treasury,* 75 Mich App 604, 608-610; 255 NW2d 702 (1977), *lv den* 401 Mich 816 (1977), see MCL 24.301; MSA 3.560(201). Since an administrative action had been initiated by the Department of State against plaintiff, we find that the circuit court had subject matter jurisdiction, pursuant to MCL 24.301; MSA 3.560(201), to determine whether the Department of State had the authority to bring an administrative action against plaintiff based on plaintiff's alleged making of unnecessary repairs.

---

[1] We use the term "person" meaning any individual or entity subject to administrative action.

II

In an effort to regulate the practice of servicing and repairing motor vehicles, the Legislature enacted the Motor Vehicle Service and Repair Act, MCL 257.1301 *et seq.;* MSA 9.1720(1) *et seq.* The act empowers its administrator[2] to suspend or revoke the registration of a repair facility when, after an opportunity for a hearing, the administrator determines that the facility made unnecessary repairs. MCL 257.1322; MSA 9.1720(22).

Under the terms of the act, the administrator is under a duty to promulgate rules in order to implement the act, in accordance with the Administrative Procedures Act of 1969, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* MCL 257.1309(i); MSA 9.1720(9)(i). As to the scope of the rules required to be promulgated, the act provides that:

"The rules shall include but not be limited to:

"(i) Definitions of unfair and deceptive practices.

"(ii) Definitions of minor repair services.

"(iii) Criteria for determining the competency of specialty and master mechanics, as a prerequisite to continued certification under this act.

"(iv) Definition of repair categories for the certification of specialty and master mechanics.

"(v) Other rules as are necessary to implement this act."

MCL 257.1309(i); MSA 9.1720(9)(i). The act does not specifically require that rules be promulgated defining the term "unnecessary repairs". Plaintiff argues, however, that the definition of "unnecessary repairs" comes within the scope of "other rules as are necessary to implement this act".

---

[2] The act's administrator is defined as the Secretary of State or his designee. MCL 257.1308; MSA 9.1720(8).

Since the Legislature has not specifically required the promulgation of rules defining the scope of the term "unnecessary repairs", we must determine whether the act could be implemented without such rules. When a statute allows an administrative agency to take action against a licensee for violation of statutory standards, substantive due process requires that. the standards be reasonably precise in order to ensure that individuals are not held responsible by the state for conduct which they could not reasonably understand to be proscribed. *State Board of Dentistry v Blumer,* 78 Mich App 679; 261 NW2d 186 (1977).

Statutory language is construed "according to the common and approved usage of the language". MCL 8.3a; MSA 2.212(1), see *People v Lee,* 66 Mich App 5, 8; 238 NW2d 397 (1975). A resort to dictionary definitions is an appropriate method of achieving this result. *Fenton Area Schools v Sorensen-Gross Construction Co,* 124 Mich App 631; 335 NW2d 221 (1983), see *State ex rel Wayne County Prosecutor v Levenburg,* 406 Mich 455, 465; 280 NW2d 810 (1979).

*The Random House Dictionary of the English Language: The Unabridged Edition* (1971 ed), p 1558, defines "unnecessary" as "not necessary; needless; unessential". We apprehend that reasonable minds could differ on whether various automotive repairs were either needed or needless. Notwithstanding such an inherent range of difference of opinion, reasonable minds should be able to agree on whether there is any need at all for a particular repair. We find that the term "unnecessary" is reasonably precise to ensure that individuals do understand that they should not recommend and undertake repairs for which there is no need at all. While the range of procedures which could

fall within the standard "unnecessary repairs" would be greater had rules been promulgated to alert repair facilities as to those repairs considered by the state to be unnecessary, even without promulgated rules the term "unnecessary", in and of itself, is sufficient to inform repair facilities of the requirement that there be at least some determination of need before performing "repairs".

If the Department of State can demonstrate during an administrative proceeding that a repair facility has undertaken repairs for which there was no need, the administrator has statutory authority to suspend or revoke the repair facility's registration. The burden is on the state to show not only that the repairs were undertaken, but that there was no need for the repairs. Without the promulgation of rules, the state's burden of proving that certain repairs were unnecessary is inherently more difficult to satisfy. Nevertheless, we believe that the standard "unnecessary repairs" is specific enough to give notice to a repair facility of the type of conduct which is improper and which could lead to the suspension or revocation of its registration. The administrator need not, therefore, promulgate rules defining the standard "unnecessary repairs" before an administrative action can be brought against a repair facility. The lower court erred in finding the Department of State to be without authority to bring an administrative action against plaintiff. The lower court's judgment is reversed and its injunctive order is vacated.

Reversed.