HARPER SAFETY CENTER, INC v DEPARTMENT OF STATE

Docket No. 68321. Submitted January 19, 1984, at Detroit.—Decided May 1, 1984.

The Michigan Department of State alleged that plaintiff, Harper Safety Center, Inc., had violated the Motor Vehicle Service and Repair Act by making unnecessary automotive repairs. An administrative hearing on the matter was scheduled. Plaintiff brought an action against the Department of State, the Secretary of State, the Bureau of Automotive Regulation, and others, seeking to enjoin the administrative hearing. Plaintiff alleged that the term "unnecessary repairs" in the act is so vague that it fails to provide adequate notice of the conduct proscribed. The Wayne Circuit Court, Harold Hood, J., denied the request for an injunction and granted accelerated judgment in favor of defendants. Plaintiff appealed. *Held:*

The standard of "unnecessary repairs" is specific enough to provide adequate notice to a repair facility of the type of conduct which could lead to suspension or revocation of its registration. The term "unnecessary" is reasonably precise to ensure that individuals understand that they should not recommend and undertake repairs for which there is no need at all. Therefore, enforcement of the act will not violate plaintiff's right to due process of law.

Affirmed.

1. ADMINISTRATIVE LAW — DUE PROCESS — LICENSES — STANDARDS.

Substantive due process requires that, where a statute allows an

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Administrative Law § 152.
   16A Am Jur 2d, Constitutional Law § 818.
[2] 73 Am Jur 2d, Statutes §§ 165, 204 *et seq.*
[3] Am Jur New Topic Service, Consumer Protection §§ 223, 228.
   38 Am Jur 2d, Garages, and Filling and Parking Stations §§ 13, 17-19, 53.
   Liability of repairer for unauthorized, unnecessary, or fraudulent repairs of motor vehicle. 23 ALR4th 274.
   Measure and elements of damages in action against garageman based on failure to properly perform repair or service on motor vehicle. 1 ALR4th 347.

administrative agency to take action against a licensee for violation of statutory standards, the standards shall be reasonably precise in order to insure that individuals are not held responsible by the state for conduct which they could not reasonably understand to be proscribed.

2. STATUTES — JUDICIAL CONSTRUCTION.

Statutory language is construed according to the common and approved usage of the language, including a resort to dictionary definitions (MCL 8.3a; MSA 2.212[1]).

3. AUTOMOBILES — MOTOR VEHICLE REPAIRS — UNNECESSARY REPAIRS.

The term "unnecessary", as used in the Motor Vehicle Service and Repair Act's proscription against the performing of unnecessary repairs, is sufficiently precise to insure that individuals subject to the act understand that they should not recommend and undertake repairs for which there is no need at all; the standard is specific enough to provide adequate notice to a repair facility of the type of conduct which could lead to the suspension or revocation of its registration (MCL 257.1322[1][d]; MSA 9.1720[22][1][d]).

*Schier & Deneweth, P.C. (by Ronald A. Deneweth and Terri L. Hayles),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Ronald J. Styka,* Assistant Attorney General, for defendants.

Before: SHEPHERD, P.J., and BRONSON and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's December 2, 1982, order denying plaintiff's request for injunctive relief and granting defendants' motion for accelerated judgment.

Plaintiff is a registered motor vehicle repair facility. In January, 1982, defendant Department of State filed an administrative complaint alleging that plaintiff had violated § 22(1)(d) of the Motor Vehicle Service and Repair Act, MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

257.1322(1)(d); MSA 9.1720(22)(1)(d), by making unnecessary repairs. An administrative hearing was scheduled for October 5, 1982. On September 14, 1982, plaintiff filed a verified complaint for injunctive relief and motion for a preliminary injunction seeking to enjoin the administrative hearing. Plaintiff alleged that the term "unnecessary repairs" is so vague that it fails to provide adequate notice of the conduct proscribed and that defendants were required to promulgate rules defining the term "unnecessary repairs". Following a hearing the trial court denied the request for injunctive relief and granted defendants' motion for accelerated judgment.

MCL 257.1322(1)(d); MSA 9.1720(22)(1)(d), provides:

"(1) The administrator may deny, suspend, or revoke a registration, certificate, or mechanic trainee permit after notice and opportunity for a hearing where the administrator determines that the facility, mechanic, or trainee:

* * *

"(d) Made unnecessary repairs or repairs not authorized by the customer."

The only issue we must address is whether the statute is so vague that enforcement would violate plaintiff's right to due process of law. This issue was recently addressed in *K mart Corp v Dep't of State,* 127 Mich App 390, 395; 339 NW2d 32 (1983), *lv den* 418 Mich 933 (1984), where the Court stated:

"When a statute allows an administrative agency to take action against a licensee for violation of statutory standards, substantive due process requires that the

standards be reasonably precise in order to ensure that individuals are not held responsible by the state for conduct which they could not reasonably understand to be proscribed. *State Bd of Dentistry v Blumer,* 78 Mich App 679; 261 NW2d 186 (1977).

"Statutory language is construed 'according to the common and approved usage of the language'. MCL 8.3a; MSA 2.212(1), see *People v Lee,* 66 Mich App 5, 8; 238 NW2d 397 (1975). A resort to dictionary definitions is an appropriate method of achieving this result. *Fenton Area Schools v Sorensen-Gross Construction Co,* 124 Mich App 631; 335 NW2d 221 (1983); see *State ex rel Wayne County Prosecutor v Levenburg,* 406 Mich 455, 465; 280 NW2d 810 (1979).

"*The Random House Dictionary of the English Language: The Unabridged Edition* (1971 ed), p 1558, defines 'unnecessary' as 'not necessary; needless; unessential'. We apprehend that reasonable minds could differ on whether various automotive repairs were either needed or needless. Notwithstanding such an inherent range of difference of opinion, reasonable minds should be able to agree on whether there is any need at all for a particular repair. We find that the term 'unnecessary' is reasonably precise to ensure that individuals do understand that they should not recommend and undertake repairs for which there is no need at all."

This Court fully agrees with the analysis in *K mart, supra.* We conclude that the standard "unnecessary repairs" is specific enough to provide adequate notice to a repair facility of the type of conduct which could lead to the suspension or revocation of its registration. The trial court's order granting accelerated judgment to defendants was proper. This conclusion makes it unnecessary to consider whether plaintiff was required to exhaust its administrative remedies before bringing the present action.

Affirmed.