Tracy GUST, Plaintiff and Appellant,

v.

Earl R. POMEROY, Commissioner of Insurance, Defendant and Appellee.

Civ. No. 900147.

Supreme Court of North Dakota.

Feb. 21, 1991.

William E. McKechnie, of Zuger Law Offices, Bismarck, for plaintiff and appellant.

Lynn M. Boughey, Sp. Asst. Atty. Gen., Minot, for defendant and appellee.

VANDE WALLE, Justice.

Tracy Gust appealed from a district court judgment affirming the North Dakota Insurance Commissioner's decision to assess a civil penalty and suspend Gust's insurance agent's license for selling unnecessary or excessive insurance in violation of Section 26.1–26–42(8), N.D.C.C., and Section 45–02–02–14(1), North Dakota Administrative Code. We affirm.

On August 17, 1987, Gust sold two insurance policies providing Medicare supplement coverage and nursing home coverage to Alfred Hovde. At the time of the sale Gust knew that Hovde already had four other policies that provided Medicare supplement coverage and two other policies that provided nursing home coverage.

An administrative complaint was filed against Gust alleging that he sold unnecessary or excessive coverage to Hovde. Following an administrative hearing, the Commissioner determined that Gust sold unnec-essary or excessive coverage in violation of Section 26.1–26–42(8), N.D.C.C., and Section 45–02–02–14(1), N.D.A.C. The Commissioner ordered Gust to pay a civil penalty of $600 and suspended Gust's license to sell insurance for three months, with all but one week of the license suspension suspended.

Gust appealed to the district court, which affirmed the agency decision. Gust appealed to this court.

An appeal from a decision of the Insurance Commissioner is governed by Chapter 28–32, N.D.C.C., the Administrative Agencies Practice Act. Section 26.1–01–08, N.D.C.C.; *Sierra Life Insurance Co. v. Wigen,* 286 N.W.2d 296 (N.D.1979). See *McCarter v. Pomeroy,* 466 N.W.2d 562 (N.D.1991). Section 28–32–19, N.D.C.C., requires that the agency decision be affirmed unless:

"1. The decision or determination is not in accordance with the law.

"2. The decision is in violation of the constitutional rights of the appellant.

"3. Provisions of this chapter have not been complied with in the proceedings before the agency.

"4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

"5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

"6. The conclusions and decision of the agency are not supported by its findings of fact."

Gust asserts that the Commissioner's findings of fact are not supported by a preponderance of the evidence and that the statute prohibiting sale of unnecessary or excessive insurance coverage is unconstitutional.

Gust was charged with violating Section 26.1–26–42(8), N.D.C.C., and Section 45–02–02–14(1), N.D.A.C. Section 26.1–26–42(8) provides that the Commissioner may suspend, revoke, or refuse to continue or issue a license if:

"8. The licensee has been found to have knowingly solicited, procured, or sold

unnecessary, or excessive insurance coverage to any person."

Section 45–02–02–14(1), N.D.A.C., creates a presumption of a violation of the statutory provision under certain conditions:

"1. *When presumed a violation.* An agent or broker is presumed to have violated subsection 8 of North Dakota Century Code Section 26.1–26–42 when the agent or broker knowingly solicits, procures, or sells a medicare supplement policy containing both A and B coverage to any person who has such a medicare supplement policy in force unless the insured is informed by the agent and understands there is to be a replacement of the existing policy and there is an indication in writing or on the face of the application that the new policy is intended to replace the existing policy. It is not presumed to be a violation to solicit and sell a second policy which provides only B coverage. A violation may occur in other situations where there is the sale or solicitation of unnecessary or excessive coverage, even though no presumption has been established under this section."

■ Gust asserts that the agency's finding that he knowingly sold unnecessary or excessive insurance coverage to Hovde is not supported by a preponderance of the evidence. In determining whether the agency's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency's qualified experts, but determine only whether a reasoning mind could have reasonably determined that the factual conclusions were supported by the weight of the evidence. E.g., *Northern States Power Co. v. North Dakota Public Service Commission,* 452 N.W.2d 340 (N.D.1990). It is not the function of the judiciary to act as a super board when reviewing decisions of administrative agencies. *Id.*

■ The record clearly establishes that Gust sold Hovde additional policies when he was admittedly aware that Hovde already had four policies providing Medicare supplement coverage and two policies providing nursing home coverage. The coverage Gust sold was duplicative of Hovde's existing coverage. Furthermore, the Commissioner found that Gust's sale of the Medicare supplement coverage did not comply with Section 45–02–02–14(1), N.D.A.C., because Gust did not note on the application or in any other contemporaneous writing that this policy was intended to replace Hovde's four other Medicare supplement policies. Accordingly, there is a presumption of a violation of Section 26.1–26–42(8). An established presumption substitutes for evidence of the existence of the fact presumed until the trier of fact finds from credible evidence that the fact presumed does not exist. Rule 301(a), N.D. R.Ev. A party against whom a presumption is directed has the burden of proving that the nonexistence of the presumed fact is more probable than its existence. *Id.*

Gust asserts that it was his intent that these policies would in fact replace Hovde's other policies. Although there is some evidence to support Gust's theory, there is also conflicting evidence which supports the Commissioner's determination that the coverage sold to Hovde was duplicative of Hovde's existing coverage. Even if Gust's assertion that he advised Hovde to cancel his other policies is true, there still was unnecessary duplication of coverage. The Commissioner found, and there is evidentiary support for his finding, that most of Hovde's other policies had non-refundable annual premiums. Thus, even if Hovde had attempted to cancel his other policies, he could not have received a refund of premiums. The record demonstrates that there would have been coverage overlaps of up to eleven months regardless of Gust's advice to Hovde. If Gust had truly wanted to provide replacement coverage, he could have written the policies with a delayed effective date. By writing coverage which took effect immediately, Gust guaranteed that there would be lengthy and costly overlaps in Hovde's coverage.

We conclude that the agency's findings of fact are supported by a preponderance of the evidence.

Gust also asserts that Section 26.1–26–42(8), N.D.C.C., is unconstitutionally vague because the terms "unnecessary" and "excessive" do not adequately apprise the public what conduct is proscribed. Gust does not cite any authority which suggests that defining proscribed conduct by use of the terms "unnecessary" or "excessive" creates an unconstitutionally vague standard.

We have held, however, that the term "excessive," used in a statute restricting "excessive or unusual noise" of motor vehicles [see Section 39–21–37(1), N.D.C.C.], did not render the statute unconstitutionally vague. *State v. Beyer*, 441 N.W.2d 919 (N.D.1989). We reasoned that the term "excessive" was sufficiently certain to inform persons of ordinary intelligence of the nature of the conduct prohibited.

Although we have never been presented with the issue, courts in other jurisdictions have upheld statutes containing the term "unnecessary" against vagueness challenges. For example, in *K Mart Corp. v. Department of State*, 127 Mich.App. 390, 339 N.W.2d 32 (1983), the court upheld a statute empowering the state to suspend or revoke the registration of automobile repair facilities that performed "unnecessary repairs." The court held that the term "unnecessary repairs" was specific enough to give notice to repair facilities of the type of conduct which was improper.

Furthermore, Section 45–02–02–14(1), N.D.A.C., details what is expected of an agent, at least insofar as Medicare supplement policies are concerned. Thus Gust was informed by a regulation which has the force and effect of law [see Section 28–32–03(3), N.D.C.C.] of the requirements of the statute as applied to Medicare supplement policies. In determining whether or not adequate warning of proscribed criminal conduct is given, courts view the statute from the standpoint of the reasonable person who might be subject to its terms. *State v. Hatch*, 346 N.W.2d 268 (N.D.1984). If the defendant is informed at the time of the action that it is unlawful and may subject the defendant to penalties for that action, the defendant has adequate

warning that the conduct violates the law. *State v. Moore*, 286 N.W.2d 274 (N.D.1979), cert. denied, 446 U.S. 943, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980). Insofar as the requirement of notice of proscribed conduct is not more, and may be less, stringent as applied to statutes imposing non-criminal penalties, we find unpersuasive Gust's argument that he was unaware of the conduct proscribed by the statute.

The reason for the enactment of the special regulation applicable to Medicare supplement policies is immediately apparent. Those policies are sold to people to supplement Medicare, a national health program through which certain medical and hospital expenses of the aged and needy are paid for from Federal, mostly social security, funds. Thus the purchaser of the Medicare supplement policy is usually a member of one of society's most vulnerable groups, the aged and infirm. The members of that group are deemed to need special protection because of their susceptibility to pressure to purchase excess health insurance out of fear for their medical care or confusion caused by illness or age. Hovde was a person for whose protection the regulation was adopted.

As a licensed insurance agent, Gust is required to know the laws and rules and regulations governing the sale of insurance, for his license may be revoked for a violation of, or noncompliance with, an insurance law or lawful rules or orders of the Insurance Commissioner. See Section 26.-1–26–42(12), N.D.C.C. A licensed insurance agent should have less trouble than a member of the general public in understanding what constitutes "unnecessary" or "excessive" insurance coverage. If the general public is held to understand the meaning of the phrase "excessive or unusual noise" in a criminal statute, see *State v. Beyer, supra*, certainly insurance professionals can be held to understand the phrase "unnecessary or excessive insurance coverage" in a regulatory statute. We conclude that the statutory language as explicated by the regulation is sufficiently definite to provide adequate warning of the conduct proscribed, and thus the statute is not unconstitutionally vague.

We have considered additional issues raised by Gust and find them to be without merit. The judgment of the district court is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.